ADVANCED IRRIGATION, INC., Advanced Financial Services, Inc., Bradley E. Bagge, Sidney W. Black, Janet G. Britton, and Susan Bagge, Plaintiffs and Appellants,

v.

FIRST NATIONAL BANK OF FARGO, Defendant and Appellee.

Civ. No. 10556.

Supreme Court of North Dakota.

April 17, 1985.

Holand, Lochow & Sortland, Fargo, for plaintiffs and appellants; argued by Paul A. Sortland.

Conmy, Feste, Bossart, Hubbard and Corwin, Fargo; Cahill, Jeffries & Maring, Moorhead, Minn.; Faegre and Benson, 2300 Multifoods Tower, Minneapolis, Minn. for defendant and appellee; argued by Charles A. Feste, appearance by Lauris N. Molbert, Fargo.

PEDERSON, Surrogate Justice.

Advanced Irrigation, Inc., Advanced Financial Services, Inc., Sidney W. Black, Bradley E. Bagge, Janet G. Britton and Susan A. Bagge (hereinafter collectively called Advanced) appeal from a judgment which, after offsetting a jury award to Advanced for deceit, awarded First National Bank recovery of unpaid balances plus interest on various promissory notes. We affirm the judgment.

Advanced's principal action sought actual and punitive damages from First National Bank (hereinafter called the Bank) on the alleged grounds of maliciousness and bad faith in the Bank's failure to provide continuing financing for an irrigation equipment venture. A jury trial was demanded.

The Bank denied Advanced's allegations, counterclaimed for the unpaid balances plus interest on various promissory notes and sought foreclosure of the pledged collateral as well as recovery on personal guaranties from Sidney Black, Bradley Bagge, Janet Britton and Susan Bagge. The Bank's claim against Susan Bagge included foreclosure of a mortgage on Traill County real estate. The court ruled that it had no jurisdiction in Traill County. Therefore, no judgment was entered against Susan Bagge.

After six days of trial to the jury, fraught with many complications, the court on its own motion pursuant to Rule 42(b), N.D.R.Civ.P., severed the issues raised by the counterclaim for trial to the court. The jury returned a special verdict specifically finding that the Bank willfully deceived Advanced with intent to induce Advanced to alter its position (in regard to interim financing) and that such deceit was the proximate cause of $96,000 actual damages suffered by Advanced. The special verdict specifically rejected punitive or exemplary damages. The evidence does not support a conclusion that any of the loans the Bank made to Advanced were induced by any deceit on the Bank's part.

■ All issues other than those involving the Bank's alleged deception were determined by the trial judge in twenty-nine findings of fact and forty-two conclusions of law. Advanced does not challenge any of the findings of fact; we accordingly presume that all are correct. Rule 52(a), N.D.R.Civ.P.; *Sorenson v. Olson*, 235 N.W.2d 892 (N.D.1975). To the extent that conclusions of law are challenged, all are fully reviewable on appeal.

■ Advanced raises numerous issues on appeal. Advanced first argues that the jury verdict of $96,000 is clearly inadequate. Although losses far in excess of $96,000 were proven, there was conflicting evidence as to the proximate cause of those losses. Appellate review of a verdict is limited to a consideration of whether or not the verdict is supported by the evidence or by reasonable inferences from the evidence presented. A verdict which is thus supported will not be disturbed on appeal. *Arneson v. City of Fargo*, 331 N.W.2d 30 (N.D.1983). We conclude that the jury award of $96,000 is supported by the evidence and thus, is not clearly inadequate.

■ Advanced also claims that it was prejudiced by a jury instruction on exemplary damages, which stated in part:

"While a defendant is liable for the wrongful conduct of his employees committed in transacting the business of the Company, the defendant is not liable for punitive or exemplary damages, even though the agent employee may be liable, unless the defendant authorized or ratified the wrongful conduct upon which those damages are based."

Advanced acknowledges that no objection was raised at trial, but contends that its failure to object should be excused "because so little time was given to review the instructions." The Bank responds that attorneys were given time to consider the instructions. Errors not raised at trial will ordinarily not be considered on appeal. *Rau v. Kirschenman*, 208 N.W.2d 1 (N.D. 1973). We decline to speculate on whether or not the time allowed was sufficient to review the instructions.

■ Advanced next argues, without relating its argument to any finding of fact or conclusion of law in this case, that a creditor under the Uniform Commercial Code (U.C.C.) is not entitled to recover on the debt once it takes possession of the collateral. To support its position, Advanced cites § 41–09–51(2), N.D.C.C.; § 9–505(2), U.C.C.; and 69 Am.Jur.2d *Secured Transactions* § 605 (1973). This court does not review abstract principles of law. There may indeed be situations where a creditor in possession of collateral has forfeited all rights to any alternative remedy, particularly when to hold otherwise would permit a double recovery, but that situation is not before us today.

While we recognize that the complexities of this case make it difficult to resolve, before we can grant relief on appeal Advanced must show us that the trial court erred in making a specific finding or a specific conclusion of law. Advanced does not urge us to remand for preparation of more artful findings of fact and conclusions of law.

■ Advanced also contends that the trial court erred in bifurcating the trial. Ad-

vanced cannot seriously argue that all of the issues raised in this case were triable to a jury as a matter of right and it made no specific demand for a jury trial of the equitable issues raised by the Bank's counterclaim. Our standard of review is abuse of discretion. *Merrill Iron & Steel, Inc. v. Minn-Dak Seeds, Ltd.*, 334 N.W.2d 652 (N.D.1983); *see also, Schell v. Schumacher*, 298 N.W.2d 474 (N.D.1980). Advanced has not shown that the trial court abused its discretion under the circumstances of this case.

■ Another contention Advanced makes is that the trial court wrongfully forced Advanced to choose between tort and contract theories of recovery after Advanced made its opening statement. Advanced's counsel announced that it would elect to proceed solely on a theory of tort after a discussion in chambers concerning the difficult evidentiary questions posed if Advanced were to proceed on both theories. Parties cannot make double recoveries. *See generally, Johnson v. Monsanto Co.*, 303 N.W.2d 86 (N.D.1981). *But see*, Rule 8(a) and (e)(2), N.D.R.Civ.P. (Claims may be set forth alternatively.) *See also* Rules 20 and 21, N.D.R.Civ.P. In any event this was a voluntary election not reviewable on appeal and not prejudicial to the rights of Advanced.

■ Advanced argues that the Bank should have been barred from recovering on the notes under the equitable doctrine of "unclean hands" because the jury found the Bank "guilty of fraud and deceit." We see no indication in the special verdict that the Bank's deceit related to the loans the Bank made to Advanced. In the absence of such a specific finding in the special verdict, we presume that the jury found the Bank's actions deceitful only in its failure to provide continuing financing. Advanced's argument is without merit.

In its Conclusion of Law Number 37, the trial court found: "that First National was a secured creditor and liquidated the assets of plaintiff, Advanced Irrigation, Inc., in a

commercially reasonable manner." In addition, during trial the court said:

"I have heard considerable evidence that perhaps the sale of property was not done in a reasonably commercial manner, which is the test that is used. And that may ultimately affect the amount of the note. But that is a question of law as to whether it was commercially reasonable and, too, whether the proper offsets have been applied to the note."

Advanced contends the trial court erred as a matter of law and asserts that "the evidence is clear and convincing to show that collateral was not disposed of in a commercially reasonable manner."

█ We believe that the court incorrectly labelled as a conclusion of law its finding that the liquidation was handled in a commercially reasonable manner. This court has often said that it will recognize and consider findings of fact regardless of the label that may be placed on them by the trial court. *In Interest of Kupperion*, 331 N.W.2d 22, 26–27 (N.D.1983); *Matter of Estate of Mehus*, 278 N.W.2d 625, 633 (N.D.1979).

█ The Wisconsin Supreme Court has discussed circumstances where a court is justified in ruling as a matter of law that a particular sale was conducted in a commercially unreasonable manner. *Appleton State Bank v. Van Dyke Ford, Inc.*, 90 Wis.2d 200, 279 N.W.2d 443 (1979). The only other cases where the determination of commercial reasonableness is a matter of law are trials where all of the evidence and all of the inferences support the conclusion that the sale was commercially reasonable. Questions of fact become questions of law when reasonable men can reach but one conclusion. *City of Hazelton v. Daugherty*, 275 N.W.2d 624, 627 (N.D.1979).

The Eighth Circuit has stated "whether a sale of collateral was conducted in a commercially reasonable manner is essentially a factual question." *United States v. Conrad Publishing Company*, 589 F.2d 949, 954 (8th Cir.1978). This court has not explicitly held that the issue of commercial reasonableness can never be determined as a matter of law; however, in *State Bank of Burleigh County Trust Company v. All-American Sub, Inc.*, 289 N.W.2d 772, 780 (N.D.1980), we in effect adopted the Eighth Circuit's reasoning that the determination of whether a sale of collateral was conducted in a commercially reasonable manner is essentially a question of fact.

█ We have already said that the trial court incorrectly labelled the determination of commercial reasonableness a conclusion of law. We conclude that the trial court made a factual finding that the sale of collateral was conducted in a commercially reasonable manner and the court's finding is not clearly erroneous. For the reasons stated above, we affirm the judgment.

ERICKSTAD, C.J., and GIERKE and VANDE WALLE, JJ., concur.

Surrogate Justice PEDERSON participated in this case by assignment pursuant to § 27–17–03, NDCC.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.