John F. BUEGEL, Plaintiff
and Appellee,

v.

CITY OF GRAND FORKS, a municipal
corporation, Defendant and
Appellant.

Civ. No. 910063.

Supreme Court of North Dakota.

Oct. 7, 1991.

Jay H. Fiedler of Letnes, Marshall, Fiedler & Clapp, Grand Forks, for defendant and appellant.

Grant H. Shaft of Shaft, Reis & Shaft, Grand Forks, for plaintiff and appellee; appearance by Mark Raymond, third-year law student.

VANDE WALLE, Justice.

The City of Grand Forks appealed from a district court judgment awarding John F. Buegel damages as a result of the City's modification of an ordinance which effectively limited Buegel's unrestricted permit to operate a firing range. We affirm and remand for a determination of attorney's fees.

In the mid–1980's, Buegel began planning a business venture consisting of a retail gun store, a gunsmithing shop, and a commercial firing range. As a part of the firing range, Buegel planned to rent automatic weapons to the public. In 1988, Buegel found a suitable site and signed a purchase agreement conditioned upon his securing the licenses and permits necessary for his proposed business. Buegel contacted the City in the fall of 1988 and sought the requisite authorizations.

In response to Buegel's proposal, the City adopted an ordinance regulating commercial firing ranges. In the course of securing the proper authorizations and to assist in formulating the new ordinance, Buegel met with the Zoning and Planning Commission, the Public Safety Committee of the City Council, the Assistant City Attorney, and the City Council. The Council adopted an ordinance and minimum standards for a firing range permit. The City granted conditional-use, business, and building permits to Buegel in January 1989. The City's regulatory scheme limited the ammunition that could be used on a firing range but did not restrict the types of weapons which could be fired on the range.

After receiving the permits from the City, Buegel sold his house, bought a commercial building and began remodeling the main floor of that building for the retail gun store and gunsmithing shop. In June 1989, Buegel was given a building permit authorizing the construction of the firing range in the basement of his building. Buegel purchased automatic weapons to be used on his firing range, began preparing the basement for construction of the range, and sought contractors for various aspects of the range-construction project.

In June 1989, as a result of newspaper articles describing Buegel's business plans, city residents raised concerns over the use of automatic weapons within the city. After public hearings in which Buegel appeared and explained the importance of automatic-weapon rentals to his business, and during the term of the original use permit, the City amended the ordinance regulating commercial firing ranges and prohibited the use of all automatic weapons. Buegel stopped work on the firing range when the amended ordinance was first proposed and did no further work after the City Council adopted the amended ordinance.

Buegel sued the City for inverse condemnation and to enjoin the City from enforcing the amended ordinance against him. After bench trials, the district court found that the amended ordinance was a proper police-power regulation and that it was, therefore, enforceable against Buegel. The district court, however, held that the City was estopped from asserting the rule denying compensation for a reduction in the value of property as a result of the enactment of a valid police-power regulation and held a jury trial to assess damages.

In this appeal, the City challenges the conclusions reached by the trial court and the law it applied. The City does not challenge any of the findings of fact. Findings of fact which have not been attacked are presumed to be correct. *Advanced Irrig. Inc. v. First Nat'l Bank,* 366 N.W.2d 783, 784 (N.D.1985). Those conclusions of law which are attacked are freely reviewable. *Id.*

A city generally need not compensate a landowner when a valid police-power regulation affecting the use of land de-

creases the value of the property. *E.g.,* *Eck v. City of Bismarck,* 283 N.W.2d 193, 197 (N.D.1979). If, however, the regulation forbids all reasonable use of the regulated property the property owner may be compensated through an inverse condemnation action. *E.g., Rippley v. City of Lincoln,* 330 N.W.2d 505 (N.D.1983). As a further exception to the rule of no compensation, this court has recognized that "a landowner who has made substantial expenditures in reliance upon existing zoning or otherwise committed himself to his substantial disadvantage before the zoning change may be protected." *City of Fargo v. Harwood Twp.,* 256 N.W.2d 694, 700 (N.D.1977). It is this latter exception that the trial court used to impose liability upon the City by applying a species of estoppel. We agree that the "substantial reliance" exception is essentially an exception grounded on the doctrine of estoppel.

In *Blocker Drilling Canada, Ltd. v. Conrad,* 354 N.W.2d 912, 920 (N.D.1984), we held that estoppel is available against governmental entities, although it should not be applied freely. "[Estoppel against the government] is a doctrine which must be applied on a case-by-case basis with a careful weighing of the inequities that would result if the doctrine is *not* applied versus the public interest at stake and the resulting harm to that interest if the doctrine *is* applied." *Id.* (emphasis in original).

Buegel contacted the City seeking authority to open a commercial firing range. He cooperated with the Zoning Board, the Public Safety Committee, the City Attorney, and the City Council as these entities sought to identify the hazards to the public and the regulatory features necessary to address those hazards. The trial court specifically found that Buegel discussed the use of automatic weapons with the Public Safety Committee and the City Council. The ordinance and the minimum requirements for the conditional-use permit adopted by the Council did not restrict the type of weapons that could be used in firing ranges. It is significant that this ordinance was virtually tailor-made for Buegel; nothing in this record suggests the ordinance was expected to have a broad

application. In response to receiving authorization from the City to construct his business as he conceived it, Buegel sold his house and bought a building which he began remodeling for his new business. The trial court specifically found that Buegel would not have gone ahead with his plan if he had known the City would change the ordinance and eliminate his ability to use automatic weapons in that business. The City subsequently amended its ordinance and effectively altered Buegel's conditional-use permit during its term.

Were we to reverse the trial court, the entire cost of this course of conduct would fall on Buegel. The interest the City seeks to protect is its ability to amend ordinances or change use permits in order to protect the public. The decision of the trial court preserves that interest. First, the trial court found that the change in the ordinance created a valid police-power regulation and that the ordinance could be enforced against Buegel. Therefore, the public is protected. Second, the close relationship between Buegel's proposed use, his participation in the City's response to his proposal, and the resulting ordinance present the "rare and unusual circumstances" which would result in an "obvious injustice," *Blocker Drilling,* 354 N.W.2d at 923 (VandeWalle, J., concurring specially), should the City not be required to pay Buegel for his damages as a cost for protecting the public. Nor should this opinion be read as saying that a city must always compensate an affected landowner when the city changes an ordinance altering a use permit in response to changed circumstances which raise safety concerns not identified at the time of the city's original action, or as a result of additional information warranting a different response to a previously identified risk. Rather, we uphold the imposition of damages against a city which restricts an existing permit and, when challenged by the permit holder, offers no evidence of the necessity for immediate action. Finally, this opinion does not affect a city's power to impose new restrictions upon, or even refuse to renew, a license at the end of its term. *E.g., Fargo Beverage Co. v. City of Fargo,* 459 N.W.2d 770, 775 (N.D.1990).

**136**

The trial court concluded that the City was estopped from asserting the rule of noncompensation normally applicable to police-power regulations. The trial court found that the City gave Buegel a conditional-use permit after a review process initiated by Buegel and during which Buegel disclosed his intent to use and rent automatic weapons in his commercial firing range. Buegel made substantial expenditures which he would not have made but for the City's approval of the conditional-use permit. The City altered the permit during its original term by amending the ordinance regulating commercial firing ranges and did not support that alteration by making a record of changed circumstances or the existence of a public hazard unknown and not considered during the original permit process. This record supports the trial court's conclusion that the City was estopped from denying damages in these unique circumstances.

A jury awarded damages to Buegel. Those damages were measured by the expenditures made by Buegel in reliance upon the City's granting of the conditional-use permit, minus the fair market value of the building bought by Buegel for his business. The City did not challenge this as an inappropriate valuation of a right to operate a business under the terms of a conditional-use permit, and in fact, suggested this measure to the trial court. Because we do not decide issues which are not appealed, briefed or argued by the parties, *see Olmstead v. First Interstate Bank,* 449 N.W.2d 804, 807 (N.D.1989), we do not reach the issue of whether the measure of damages applied by the trial court was appropriate.

The judgment of the district court is affirmed. We remand the case to the trial court to determine the attorney's fees and costs which may be taxed against the City for this appeal pursuant to section 32–15–32, NDCC.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.