760 F.2d 209
 Iven L. FELT and Wilma L. Felt, Husband and Wife, Appellants,
v.
FEDERAL LAND BANK ASSOCIATION OF BELLE FOURCHE; Federal
Land Bank of Omaha; Charles G. Sutton; Robert Zell; James
A. Hericks; Paul Volcker, Chairman of the Board, Federal
Reserve System, Appellees.
 No. 85-5024.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 15, 1985.
Decided April 23, 1985.
 
 Iven L. Felt, pro se.
 Peter J. Horner, Sioux Falls, S.D., for appellees.
 Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Iven and Wilma Felt appeal from the district court's order dismissing their complaint for failure to state a claim. We affirm.
 
 
 2
 The Felts brought this action against the Federal Land Bank Associations of Belle Fourche and Omaha (FLB), and various employees of these two associations, seeking to rescind the loan agreements entered into with the FLB, cancel the security agreements the FLB has securing these loans, and enjoin the FLB from doing business and selling its membership stock in South Dakota. The Felts have also asked for damages and attorney's fees. This complaint is similar to a number of complaints recently filed by financially distressed farmers seeking to avoid default by claiming that the lending institutions violated the Truth in Lending Act, 15 U.S.C. Sec. 1601, et seq., and numerous other statutory and constitutional provisions.[1] Not unlike many of the other complaints, the Felts' complaint lacks merit.
 
 
 3
 The Felts contend that the FLB failed to comply with the general disclosure requirements, 15 U.S.C. Secs. 1601-06, 1631-32, and the right-of-rescission disclosure requirement, 15 U.S.C. Sec. 1635, of the Truth in Lending Act. The two loans they seek to avoid under the Act were consummated on January 7, 1975, and October 3, 1977, and were for $48,000 and $150,000, respectively. The loans were made to finance the Felts' farming operation, and were secured by the Felts' real estate.
 
 
 4
 Because the Felts filed their action on September 7, 1984, both claims are time-barred. Section 1640(e) provides a one-year period of limitations for actions alleging a violation of the general disclosure requirements of the Act, and section 1635(f) provides a three-year period of limitations for actions alleging a violation of the right-of-rescission. See also K/O Ranch, Inc. v. Norwest Bank of the Black Hills, 748 F.2d 1246, 1248 (8th Cir.1984). Moreover, because the loans were made to finance the Felts' farming operation, they are exempt from the Act's coverage under the agricultural-purpose exemption in 15 U.S.C. Sec. 1603(1).[2]
 
 
 5
 The Felts' complaint also sets forth a variety of additional claims listing numerous federal statutes, state and federal constitutional provisions, and assorted equitable principles as bases of jurisdiction. We have carefully reviewed the record and agree with the district court that these additional claims are without merit. Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Felts previously filed a similar action against the First Bank of South Dakota, which was also dismissed for failure to state a claim. This dismissal was affirmed by this Court in an unpublished opinion. Felt v. First Bank of South Dakota, 745 F.2d 62 (8th Cir.1984)
 
 
 [2]
 Before October 1, 1982, section 1603 exempted loans obtained primarily for agricultural purposes in which the total amount financed exceeded $25,000. Because both loans exceeded $25,000, they fall within this exemption