The **FEDERAL LAND BANK OF OMAHA, a corporation, Plaintiff and Appellee,**

v.

**Iven L. FELT and Wilma Felt, husband and wife, Defendants and Appellants.**

**No. 14467.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 12, 1984.

Decided May 22, 1985.

Kenneth L. Heisterkamp of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for plaintiff and appellee.

Iven L. Felt and Wilma Felt, Hettinger, N.D., pro se.

WOLLMAN, Justice.

Plaintiff, the Federal Land Bank of Omaha (Land Bank) commenced a mortgage foreclosure action against Iven L. Felt and Wilma Felt (the Felts), mortgagors, and certain other parties holding interests inferior to that of Land Bank. The circuit court entered summary judgment granting foreclosure of the real estate mortgage and dismissed the Felts' counterclaims. The Felts alone have appealed. We affirm.

The real estate mortgage in question was given as security for the Felts' promissory note in the amount of $150,000.00 and covered approximately 2,557 acres of land in

Harding and Perkins Counties. The promissory note secured by the mortgage provided for annual payments commencing March 1, 1978. The purpose of the loan, as evidenced by the loan application signed by the Felts, was to enable the Felts to acquire an additional 1,440 acres of agricultural land, to refinance a prior agricultural loan with Land Bank on real estate, and to further refinance non-real estate agricultural loans.

The Felts failed to make the March 1, 1982, and the March 1, 1983, installment payments. Accordingly, Land Bank commenced its action for foreclosure on June 7, 1983. The Felts' answer set forth a general denial; questioned Land Bank's legal status; alleged a failure to join a necessary party; alleged subject matter and personal jurisdiction; and alleged failure of consideration in that Land Bank had loaned dollars.

The Felts also counterclaimed, alleging violations of certain sections of Title 31 of the United States Code (Money and Finance) and of Title 12 of the United States Code (Banks and Banking), and also alleged that the transaction entered into was a maritime contract. The counterclaim prayed for compensatory damages in the amount of $500,000.00 and for punitive damages in the amount of $1,500,000.00.

Although the Felts dispute the date of execution, the record indicates that the promissory note and the mortgage were signed by them on December 20, 1977, as reflected by the acknowledgement taken by a notary public. In any event, the record is clear that the disbursal of the loan proceeds was made on January 3, 1978, with interest commencing to run on that date.

Although the Felts have set forth some fourteen separate legal issues in their brief, we agree with Land Bank that these issues can adequately be discussed under three main headings.

## JURISDICTION

■ The Felts' first argument on this point is that the court lacked jurisdiction because Land Bank paid the clerk's filing fee with a check, which, the Felts contend, is not money. We consider this contention to be totally frivolous. The clerk of the circuit court accepted the check as sufficient payment and filed Land Bank's action. The check was obviously honored and the circuit court received credit in its bank account. Federal Reserve notes are valid tender for the payment of filing fees. *First Nat'l Bank of Black Hills v. Treadway*, 339 N.W.2d 119 (S.D.1983). Likewise, we hold that a check constitutes valid payment of filing fees.

■ The Felts next challenge the trial court's jurisdiction by claiming that Land Bank did not appear in the action inasmuch as no one gave evidence concerning the existence of Land Bank. Again, we consider this contention to be totally frivolous. Land Bank, as a corporation, has the power to sue and be sued in its corporate name. SDCL 47-2-58. It appeared in this action through its counsel and established its legal capacity through the affidavit of the president of the Federal Land Bank Association of Rapid City, which was acting for and in behalf of Land Bank in accepting loan applications, disbursing monies, and servicing loans.

The Felts argue that because Land Bank, a foreign corporation, had not been issued a certificate of authority to do business in this state, it was prohibited from maintaining this action. SDCL 47-8-30. We do not agree.

■ The Federal Land Banks are instrumentalities of the federal government, engaged in the performance of important governmental functions. *See Federal Land Bank v. Priddy*, 295 U.S. 229, 55 S.Ct. 705, 79 L.Ed. 1408 (1935), and cases cited therein.

■ As indicated by the affidavit of the president of the Federal Land Bank Association of Rapid City, Land Bank is a separately chartered federal instrumentality existing by virtue of the Federal Farm Loan Act, 12 U.S.C. § 641, et seq., with its chartered territory being the states of

South Dakota, Iowa, Nebraska, and Wyoming. Corporations created by the authority of the United States are not foreign corporations but have a legal existence in every state in which they may transact business pursuant to the authority conferred upon them by Congress. *See, e.g., Jeffreys v. Federal Land Bank of New Orleans,* 238 Ala. 97, 189 So. 557 (1939); *Home Owners' Loan Corp. v. Stookey,* 59 Idaho 267, 81 P.2d 1096 (1938); *Fischer & Van Gilder v. First Trust Joint-Stock Land Bank,* 210 Iowa 531, 231 N.W. 671 (1930); *Home Owners' Loan Corp. v. Caplan,* 236 Mo.App. 1276, 164 S.W.2d 652 (1942); *Leggett v. Federal Land Bank of Columbia, S.C.,* 204 N.C. 151, 167 S.E. 557 (1933); *Severson v. Home Owners' Loan Corporation,* 184 Okl. 496, 88 P.2d 344 (1939); *Dodson v. Home Owners' Loan Corp.,* 123 S.W.2d 435 (Tex.Civ.App.1938). Accordingly, we hold that as a federally chartered corporation, Land Bank is not a foreign corporation within the meaning of SDCL 47–8–30 and therefore was not required to obtain a certificate of authority prior to bringing this action.

### TRUTH IN LENDING ACT

■ The Felts contend that the trial court erred in holding that the Federal Truth in Lending Act (the Act), 15 U.S.C. § 1601, et seq., did not apply to the loan in question. We disagree.

Prior to October 1, 1982, the Act exempted from coverage loans obtained "primarily for agricultural purposes in which the total amount to be financed exceeds $25,000.00." 15 U.S.C. § 1603(5). *See Felt v. Federal Land Bank Ass'n of Belle Fourche,* 760 F.2d 209 (8th Cir.1985); *K/O Ranch, Inc. v. Norwest Bank of Black Hills,* 748 F.2d 1246 (8th Cir.1984); *First National Bank in Lemmon v. Felt,* 368 N.W.2d 588 (S.D. 1985). As indicated above, the loan in question totaled $150,000.00 and was clearly granted for agricultural purposes. Accordingly, the Act was not applicable.

### PROPRIETY OF SUMMARY JUDGMENT

■ There is no question but that the Felts failed to make the annual payments due on March 1, 1982, and March 1, 1983. Although they admit signing the note and mortgage and receiving the loan proceeds, the Felts deny that the note and mortgage were executed on the date indicated by the notary public. Their dispute of the date of execution does not raise a genuine issue of material fact, however, inasmuch as any variance between the date indicated on the note and mortgage and the date those instruments may actually have been signed is irrelevant to the legal validity of those instruments, given the Felts' admissions.

We deem it unnecessary to discuss the Felts' contention that the note and mortgage are ineffective because Land Bank failed to execute those documents.

The Felts have raised a number of other arguments in support of their contention that summary judgment was improperly granted. We have considered each of these arguments and conclude that they are without merit. In sum, this is simply and purely a case where the Felts, perhaps due to circumstances over which they had no control, were unable to make the payments required by the mortgage which they signed as security for the loan proceeds that were disbursed to them. Their answer, counterclaim, and affidavits present no genuine issue of material fact with respect to the validity of the note and mortgage and the amount due thereunder. Accordingly, summary judgment was appropriately entered. *Dale v. Pelton,* 365 N.W.2d 1 (S.D.1985); *Hughes-Johnson Co., Inc. v. Dakota Midland Hosp.,* 86 S.D. 361, 195 N.W.2d 519 (1972); *Wilson v. Great Northern Ry. Co.,* 83 S.D. 207, 157 N.W.2d 19 (1968).

■ Although we have extended great latitude to the Felts in considering their arguments and alleged defenses, some of which may not have been fully and timely presented to the trial court, we cannot let pass unremarked their characterization of the trial court as being Land Bank's "Hired Gun." We recently rebuked counsel for a somewhat similar characterization of the

trial court in *Northwest S.D. Production Credit Ass'n v. Dale*, 361 N.W.2d 275 (S.D. 1985). We likewise indicate our disapproval of the unwarranted aspersion cast upon the trial court in the instant case.

The judgment is affirmed.

All the Justices concur.

WUEST, Circuit Judge, Acting as Supreme Court Justice, participating.