**FIRST NATIONAL BANK in Lemmon, South Dakota, a banking corporation; First Bank of South Dakota (National Association), Plaintiff and Appellee,**

v.

**Iven FELT and Wilma Felt, Defendants and Appellants.**

**Nos. 14701, 14764.**

Supreme Court of South Dakota.

Considered on Briefs March 7, 1985.

Decided May 22, 1985.

Newell E. Krause of Krause, Seiler & Cain, Mobridge, for plaintiff and appellee.

Iven Felt and Wilma Felt, Hettinger, N.D., pro se.

WOLLMAN, Justice.

These are appeals from a summary judgment and from an order denying an order to vacate judgment. We affirm in part and reverse and remand in part.

First Bank of South Dakota (National Association) (Bank) brought an action against appellants, Iven and Wilma Felt (the Felts), in July 1982 to recover on six separate promissory notes secured by se-

curity agreements on cattle, feed, and machinery. For convenience, we will refer to the notes as A through F. Note A, which was dated May 4, 1981, was in the amount of $60,000.00. Note B, also dated May 4, 1981, was in the amount of $25,000.00. Note C, also dated May 4, 1981, was in the amount of $39,260.00. Note D, dated May 16, 1981, was in the amount of $7,000.00. Note E, dated June 8, 1981, was in the amount of $3,500.00. Note F, dated July 13, 1979, was in the amount of $15,300.00.

The Felts' answer generally denied the complaint and also alleged that they had not been "loaned any money, dollars or '$'." The Felts also counterclaimed, alleging that they had not been loaned any lawful money, dollars, gold or silver, "$," or federal reserve notes, and had only received credit in their checking account. The counterclaim further alleged that Bank was guilty of theft in that the Felts had received nothing of value on the notes. There were further allegations in the counterclaim, but the foregoing summary is representative of the general tenor of that pleading.

On September 30, 1982, the trial court entered orders granting Bank's motion to strike the counterclaim and denying the Felts' motion to dismiss. On November 12, 1982, we dismissed the Felts' attempted appeal from these orders.

On January 18, 1984, Bank served a motion for summary judgment, supported by the affidavit of its president. In their affidavit filed in response to the motion, the Felts alleged that Bank had not complied with the Federal Truth In Lending Act (the Act). 15 U.S.C. § 1601, et seq. In their brief filed in support of their objection to the motion for summary judgment, the Felts contended that they had raised an issue of fact with respect to their allegation that Bank had violated the Act.

On April 18, 1984, the trial court entered an order denying the motion for summary judgment on the ground that the record did not support the granting of the motion.

On June 11, 1984, the Felts took the depositions of three of Bank's officers.

On June 18, 1984, the Felts filed an additional brief in support of their contention that the Act applied to the loans in question.

On July 23, 1984, Bank renewed its motion for summary judgment. In response, the Felts again alleged by affidavit and brief that the Act applied to the loans and that Bank had failed to comply with the Act.

After entering findings of fact and conclusions of law, the trial court granted the motion for summary judgment. On October 23, 1984, the trial court denied the Felts' motion to vacate the summary judgment.

The foregoing procedural history is somewhat abbreviated and does not reflect all of the documents filed by the Felts, who but for a brief period have represented themselves throughout these proceedings.

■ As mentioned above, the trial court entered detailed findings of fact and conclusions of law. These were unnecessary, inasmuch as a summary judgment presupposes that there is no genuine issue of fact. *Wilson v. Great Northern Ry. Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968). *See also Equilease Corp. v. Brech*, 318 N.W.2d 345 (S.D. 1982). Accordingly, we will treat the findings of fact and conclusions of law as superfluous.

The Felts have raised numerous issues. We conclude that the only issues meriting discussion are those that generally relate to whether there was any genuine issue of material fact raised with respect to Bank's claims and whether the trial court erred in holding that the Act did not apply to any of the loans.

Although the Felts raise a number of arguments in support of their contention that a genuine issue of material fact exists, we conclude that the essence of the lawsuit is set forth in their own brief:

The Defendants Iven and Wilma Felt have made various transactions with Plaintiff First National Bank for about 20 years. Defendants have always made

one payment a year in the fall or after selling the farm products. But after 6 years of no crops—hail and drought—there wasn't much to pay with. Even after Defendants made a good sized payment in the fall of 1981, Plaintiff wanted more collateral on the notes at the bank, car title and a third mortgage on the land. Defendants felt that if their collateral had been enough to loan the credit on, it still should be sufficient. After making a security check the end of June, 1982, the Bank President asked what would Defendants do if the Bank foreclosed. Defendant Iven Felt said he couldn't see why the Bank couldn't work with him, he could pay it back. But a few days later, July 6, 1982, the Sheriff served Defendants a Summons and Complaint.

■ In sum, the action was brought because Bank was unwilling to extend further credit to the Felts. There is no dispute that the loans were made by Bank to the Felts, that the loans remain unpaid, and that the Felts have failed to establish any legal or factual question regarding the validity of the notes in question. Accordingly, summary judgment was properly entered with respect to the underlying obligations. *Federal Land Bank of Omaha v. Felt,* 368 N.W.2d 592 (S.D.1985); *Dale v. Pelton,* 365 N.W.2d 1 (S.D.1985); *Hughes-Johnson Co., Inc. v. Dakota Midland Hosp.,* 86 S.D. 361, 195 N.W.2d 519 (1972); *Wilson v. Great Northern Ry. Co., supra.*

■ We next consider whether the trial court erred in holding that the Act did not apply to any of the notes. Although we agree with Bank that all of the notes were given in connection with loans obtained primarily for agricultural purposes, as we pointed out in *Federal Land Bank v. Felt, supra,* prior to October 1, 1982, the Act exempted from its coverage those loans obtained "primarily for agricultural purposes in which the total amount to be financed exceeds $25,000.00." 15 U.S.C. § 1603(5). Although it is true that § 1603 was amended effective October 1, 1982, to exempt all credit transactions involving ex-

tensions of credit primarily for agricultural purposes, the loans represented by Notes B, D, E, and F, none of which exceeded $25,000.00, were covered by the pre-October 1, 1982, version of the law. *See generally Felt v. Federal Land Bank Ass'n of Belle Fourche,* 760 F.2d 209 (8th Cir.1985); *K/O Ranch, Inc. v. Norwest Bank of Black Hills,* 748 F.2d 1246 (8th Cir.1984).

We turn to the question of what consequences flow from our holding that the Act applies to some of the loans.

The purpose of the Act is

to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.

15 U.S.C. § 1601(a); *Mourning v. Family Publications Service, Inc.,* 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973); *Burgess v. Charlottesville Savings & Loan Ass'n,* 477 F.2d 40 (4th Cir.1973); *K/O Ranch, Inc., supra.*

■ A failure to comply with the Act does not render the underlying obligation unenforceable. *See, e.g., Burgess v. Charlottesville Savings & Loan Ass'n, supra; Federal Deposit Insurance Corp. v. Webb,* 464 F.Supp. 520 (E.D.Tenn.1978); *Grandway Credit Corp. v. Brown,* 295 So.2d 714 (Fla.App.1974); *Smith v. Society Nat'l Bank,* 141 Ga.App. 19, 232 S.E.2d 367 (1977); *Charter Finance Co. v. Henderson,* 60 Ill.2d 323, 326 N.E.2d 372 (1975).

■ The Felts had no right to rescind under § 1635 of the Act since Bank took no security interest in their principal place of residence. 15 U.S.C. § 1635(a); *K/O Ranch, Inc., supra.*

■ The Felts may, however, have a claim for relief under § 1640 of the Act, which provides in part:

(a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed

under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, or (ii) in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000; or

. . . .

(3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

For a discussion of those remedies, *see, e.g., Griggs v. Provident Consumer Discount Co.,* 680 F.2d 927 (3rd Cir.1982); *Baker v. G.C. Services Corp.,* 677 F.2d 775 (9th Cir.1982).

There remains the question whether the Felts adequately alleged their claims for relief under § 1640. 15 U.S.C. § 1640(e) provides:

Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

It is true that the Felts did not assert a claim for recoupment or set-off by way of their answer or counterclaim. As we have indicated above, however, they did assert the applicability of the Act in their affidavits and trial briefs filed in opposition to Bank's motions for summary judgment, including statutory and case citations to the remedies provided by § 1640. Accordingly, we conclude that the summary judgment and the order denying the motion to vacate should be reversed to the extent that they denied the Felts the opportunity to establish their right to the remedies provided by § 1640. This is not to hold, of course, that the Felts are necessarily entitled to prevail on any of their claims for relief under the Act, only that they should be entitled to be heard on these claims.

To the extent that the summary judgment and the order denying the motion to vacate established the Felts' liability on the notes, they are affirmed. To the extent that they denied the Felts' claims for relief under § 1640 of the Act with respect to Notes B, D, E, and F, they are reversed, and the case is remanded to the circuit court for further proceedings.

All the Justices concur.

WUEST, Circuit Judge, Acting as Supreme Court Justice, participating.