FEDERAL LAND BANK OF SAINT PAUL, a body corporate, Plaintiff and Appellee,

v.

Gordon G. GEFROH, Defendant and Appellant.

Civ. No. 11051.

Supreme Court of North Dakota.

July 16, 1986.

Anderson & Dobrovolny, Minot, for plaintiff and appellee.

Shelley Lashkowitz, Lashkowitz Law Offices, Fargo, for defendant and appellant.

MESCHKE, Justice.

Gordon G. Gefroh appeals from a judgment evicting him from his farm and granting possession of it to the Federal Land Bank of Saint Paul, and from an order denying his motion to vacate the judgment. Gefroh asserts that the Bank is barred by § 10–22–19, N.D.C.C., from maintaining this action in state court; and that, because title to the property stems from a federal land patent, it was immune from mortgage foreclosure. We reject both contentions and affirm.

During February 1984, the Bank obtained a judgment of foreclosure on Gefroh's property. Gefroh failed to redeem and the property was conveyed to the Bank by sheriff's deed in April 1985. The Bank then sued to remove Gefroh and to obtain possession of the property. Following a hearing, the county court decreed "the restitution and immediate possession" of the property to the Bank. The county court also denied Gefroh's subsequent motion to vacate this judgment.

■ Gefroh contends that the Bank is a "foreign corporation" within the meaning of § 10–22–19, N.D.C.C., and since it has not been issued a certificate of authority to do business in this state, it cannot bring this action.

Federal land banks are "federally chartered instrumentalities of the United States." 12 U.S.C. § 2011. *See also Federal Land Bank of St. Paul v. Bismarck Lumber Co.*, 314 U.S. 95, 62 S.Ct. 1, 86 L.Ed. 65 (1941). Each federal land bank is a "body corporate" which has the power to "[s]ue and be sued." 12 U.S.C. § 2012(4). It is well settled that "[c]orporations created by the authority of the United States are not foreign corporations but have a legal existence in every state in which they may transact business pursuant to the authority conferred upon them by Congress." *Federal Land Bank of Omaha v. Felt*, 368 N.W.2d 592, 595 (S.D.1985). *See generally* 17 Fletcher, Cyclopedia of the Law of Private Corporations § 8291 (1977). Thus, we conclude that the Bank, as a federally chartered corporation, is not a "foreign corporation" subject to § 10–22–19, N.D.C.C., and therefore it is not required to obtain a certificate of authority in order to maintain this action. *Felt, supra. See also* § 10–22–01, particularly subsections (7) and (8), N.D.C.C.

■ Gefroh's assertion that his property was immune from mortgage foreclosure because title stemmed from a federal land patent is completely without merit. Even "an entryman on government lands, holding the same under the homestead laws, may give a valid mortgage thereon, ..." *Adam v. McClintock*, 21 N.D. 483, 488, 131 N.W. 394, 396 (1911). Gefroh mortgaged his property to the Bank in return for a loan. Therefore, his property was subject to foreclosure action.

The judgment evicting Gefroh is affirmed.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.