FIRST NATIONAL BANK IN LEMMON, Lemmon, South Dakota, A Banking Corporation, now First Bank of South Dakota (National Association), Plaintiff and Appellee,

v.

Iven FELT and Wilma Felt, Defendants and Appellants.

No. 15352.

Supreme Court of South Dakota.

Considered on Briefs Nov. 20, 1986.

Decided Jan. 7, 1987.

---

cuit court granted the Bank's Motion for Summary Judgment which *inter alia* dismissed the Felts' contention that the Bank failed to comply with the Federal Truth in Lending Act (Act) (15 U.S.C. § 1601, et seq.). The Felts appealed to this Court. On May 22, 1985, we remanded the case back to the trial court. The remand issue was the applicability of the Act to four promissory notes: B, D, E, and F. On remand, the circuit court decided that the Act accorded the Felts no relief on any of the four notes. Iven Felt, whose wife Wilma recently died, now appeals on the applicability of the Federal Truth in Lending Act to the four promissory notes. We affirm.

### FACTS

We refer to the facts in our prior opinion, *First Nat'l Bank v. Felt,* 368 N.W.2d 588, 589–90 (S.D.1985) (*Felt I*). Recapitulating, we affirmed the trial court on the issue of the Felts' underlying liability on all six promissory notes (labeled A–F). Summary judgment was fully affirmed regarding notes A and C. Notes A and C were not covered by the Federal Truth in Lending Act as they exceeded $25,000. 15 U.S.C. § 1601, et seq. In sum, this Court found that the Act might apply to notes B ($25,000), D ($7,000), E ($3,500), and F ($15,300) because they did not exceed $25,000 and were covered by the pre-October 1, 1982, version of the law. We decided that the trial court's Order Granting Summary Judgment denied the Felts the opportunity to establish their right to remedies provided by § 1640 of the Act. Thus, the case was remanded "to the Circuit Court for further proceedings" to determine the Felts' eligibility for relief under § 1640 of the Act.

A remand hearing was held on December 5, 1985, in Perkins County, the Honorable Robert L. Tschetter presiding. On March 5, 1986, a Memorandum Decision was filed. The circuit court determined that notes B, D, and E, all executed in 1981, necessitated analysis of the Act. However, the Court

Newell E. Krause of Krause, Seiler & Cain Mobridge, for plaintiff and appellee.

Iven Felt, Hettinger, North Dakota, pro se.

HENDERSON, Justice.

### PROCEDURAL BACKGROUND

Plaintiff-appellee, First National Bank in Lemmon (Bank) commenced suit against defendants-appellants, Iven and Wilma Felt (Felts) in July 1982 to recover on six promissory notes. In the Fall of 1984, the cir-

ruled that the Felts were not entitled to relief under the Act due to its amendment by the Truth in Lending Simplification and Reform Act (Simplification Act) plus the related interplay of the Federal Reserve Board's "Regulation Z." Concerning note F, the court determined that the Truth in Lending Act was applicable, but that disclosure requirements were satisfied. Thus, the circuit court concluded that the Felts were not entitled to remedies for any of the notes B, D, E, and F, as provided in 15 U.S.C. § 1640 of the Truth in Lending Act.

## DECISION

Our attention will focus on notes B, D, E, and F. Because the amounts and execution dates of the notes are crucial, that information is detailed below.

(1) Note B—$25,000, dated May 4, 1981

(2) Note D—$7,000, dated May 16, 1981

(3) Note E—$3,500, dated June 8, 1981

(4) Note F—$15,300, dated July 13, 1979

Before October 1, 1980, the Truth in Lending Act (15 U.S.C. § 1603) appeared as below.

This subchapter does not apply to the following:

(1) Credit transactions involving extension of credit for business or commercial purposes, or to government or governmental agencies or instrumentalities, or to organizations.

(2) Transactions in securities or commodities accounts by a broker-dealer registered with the Securities and Exchange Commission.

(3) Credit transactions, other than real property transactions, in which the total amount to be financed exceeds $25,000.

(4) Transactions under public utility tariffs, if the Board determines that a State regulatory body regulates the charges for the public utility services involved, the charges for delayed payment, and any discount allowed for early payment.

(5) *Credit transactions primarily for agricultural purposes in which the total amount to be financed exceeds $25,000.* (Emphasis mine.)

On March 31, 1980, the Truth in Lending Simplification and Reform Act in effect amended subsection one of the above section. New 15 U.S.C. § 1603(1) stated: "This subchapter does not apply to ... [c]redit transactions involving extensions of credit primarily for business, commercial, *or agricultural purposes,* or to government or governmental agencies or instrumentalities, or to organizations." (Emphasis added.) Section 5 of the above statute was omitted altogether. The effective date of this Amendment was October 1, 1982. At first blush, the Felts' four notes, all dated before October 1982, would all be subject to the Truth in Lending Act.

However, another provision was added when the Simplification Act was signed into law (on March 31, 1980). That provision "allow[ed] any creditor to comply with any amendments, in accordance with the regulations, forms, and clauses prescribed by the Board prior to such effective date." (October 1, 1982.) Act of March 31, 1980, Pub.L. No. 96–221, 94 Stat. 184. The Board in the previous quote is the Federal Reserve Board of Governors. 15 U.S.C. § 1602(b).*

---

* The Federal Reserve Board of Governors is "[t]he seven-member Board ... appointed by the President and confirmed by the Congress [which] sets reserve requirements for member banks, reviews and approves the discount-rate actions of regional Federal Reserve Banks, sets ceilings on the rates of interest that banks can pay on time and savings deposits, and issues regulations." Black's Law Dictionary 552 (5th ed. 1979). Due to the broad purpose of the Truth in Lending Act (to "promote the informed use of credit" via "meaningful disclosure of credit terms" to consumers (15 U.S.C. § 1601)) in conjunction with the complex and varied nature of credit transactions "Congress ... delegated expansive authority to the Federal Reserve Board to elaborate and expand the legal framework governing commerce in credit." *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 559–60, 100 S.Ct. 790, 794, 63 L.Ed.2d 22, 27–28 (1980). Additionally, Congress has authorized the Federal Reserve Board to prescribe regulations to go into effect as law prior to the effective date (October 1, 1982) of Congressional Amendments to Truth in Lending statutes. 15 U.S.C. § 1604.

In order to meaningfully implement the Truth in Lending Act, the Board promulgated Regulation Z. 12 C.F.R. 226 (1986). *See Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 560, 100 S.Ct. 790, 794, 63 L.Ed.2d 22, 28 (1980). Responding to Congress' specific grant of authority in the Simplification Act, the Board amended § 226.3 of Regulation Z (Fed.Reg. May 20, 1980). The amendment operated during the two and one-half year period (lag period), from March 31, 1980 (when the Simplification Act became law) until October 1, 1982 (the Simplification Act's effective date). This amendment gave creditors two options during the lag period: (1) cease making Federal Truth in Lending disclosures for agricultural credit and comply with any previously preempted state law, or (2) continue to comply with Federal Truth in Lending disclosure requirements and disregard inconsistent state law. Having reviewed this statutory background, we turn to the case at hand.

At the remand hearing, the Bank president testified that his bank was aware of the above statutory scheme, including the amended Regulation Z. The president further testified that he had received notice of the amendment from the Federal Reserve Bank and decided to cease making the Federal Truth in Lending disclosures.

■ The circuit court correctly observed that the Truth in Lending Simplification and Reform Act (enacted March 31, 1980, effective October 1, 1982) and the related Regulation Z would *only* apply to notes B, D, and E. Those notes were executed within the lag period of the Simplification Act (March 31, 1980—October 1, 1982) and Regulation Z was enacted to deal with just that lag period. Therefore, the Bank was in compliance with the Federal Truth in Lending Act (as to be amended by the Simplification Act) by virtue of its choice to cease making Federal Truth in Lending Act disclosures as permitted by the Federal Reserve Bank's Regulation Z.

Note F, however, was executed in 1979. Since the Simplification Act (and amended Regulation Z) was not enacted until 1980, the circuit court held that the Federal Truth in Lending Act applied to note F. The circuit court concluded that note F's disclosure statement was in compliance with the Act's requirements. Therefore, the trial court concluded that the Felts were not entitled to relief under the Act regarding any of the four notes.

Congress allowed creditors to comply with the Act during the lag period by following amendments prescribed by the Federal Reserve Board. The Bank complied with the Board's Regulation Z, which permitted the discontinuance of Federal Truth in Lending Act disclosures relating to agricultural credit. Thus, by virtue of the Bank's compliance with Regulation Z, the Felts have no claim for relief under the Act for notes B, D, and E.

■ The Truth in Lending Act does apply to note F, as that note was executed in 1979, prior to the Simplification Act and the Regulation Z amendments. An examination of the Act's disclosure requirements then in force (*see* 15 U.S.C.S. § 1638) reveals that the disclosure made on note F was, as the circuit court found, in compliance therewith.

■ We briefly note that the Felts have challenged the admissibility of Regulation Z. They contend that this Court strictly limited the remand issue via *Felt I* to the applicability of the Truth in Lending Act to the four notes and that any consideration of Regulation Z was outside the predetermined remand scope.

This argument is unpersuasive. In *Felt I,* we stated that the Felts "should be entitled to be heard on [Federal Truth in Lending Act] claims." 368 N.W.2d at 592. This necessarily includes amendments to the Act which might weigh upon the relief entitled the Felts (e.g., the Truth in Lending Simplification and Reform Act), and any Federal Reserve Board amendments applicable thereto. The United States Supreme Court has stated that the Board's actions regarding the Truth in Lending Act and Regulation Z in particular are entitled to "appropriate defer[ence]" and that "Congress has

specifically designated the Federal Reserve Board and staff as the primary source for interpretation and application of truth-in-lending law." *Ford Motor Credit Co. v. Milhollin,* 444 U.S. at 566, 100 S.Ct. at 797, 63 L.Ed.2d at 32. In addition, Congress itself directed that creditor compliance with Board regulations and amendments would constitute compliance with the Truth in Lending Act during the lag period before its effective amendment by the Simplification Act. *See* Act of Mar. 31, 1980, Pub.L. No. 96–221, 94 Stat. 184. In light of these authorities, we hold that consideration of the Federal Truth in Lending Act necessarily includes application of the Simplification Act and Regulation Z. To consider all three was sound analysis, and the trial court would have been in error had the Act itself been singularly considered.

Affirmed.

All the Justices concur.

FOSHEIM, Retired Justice, participating.

MILLER, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.