Jeff Stewart, Carson, pro se.

Crane Law Office, Mott, for plaintiff and appellee; argued by David M. Crane.

GIERKE, Justice.

Defendant Jeff Stewart appeals from the default judgment entered by the district court on August 14, 1987, in favor of the plaintiff Commercial Bank of Mott. We affirm in part and reverse in part.

On February 11, 1983, Jeff Stewart (Stewart) purchased a 1979 Buick LeSabre from Olein Auto Implement, Inc. of Mott, North Dakota. Stewart executed and delivered to Olein Auto Implement, Inc. a retail installment contract which granted the seller a security interest in the collateral. Subsequently, the retail installment contract was assigned to the Commercial Bank of Mott (hereafter referred to as the Bank).

Stewart defaulted on his payments under the agreement and the Bank commenced a

**COMMERCIAL BANK OF MOTT,**
**Plaintiff and Appellee,**

v.

**Jeff STEWART, Defendant**
**and Appellant.**

**Civ. No. 870238.**

Supreme Court of North Dakota.

Sept. 20, 1988.

collection suit in small claims court. An order for judgment was issued on September 11, 1986, for the amount of $1,375.59. The Bank did not attempt to enforce the judgment but instead filed suit in district court seeking repossession of the collateral.

Stewart was served with a summons and a complaint on June 12, 1987. Stewart did not answer the complaint. The Bank served Stewart with a notice of application for default judgment on July 17, 1987. Stewart failed to appear at the hearing on the application for the default judgment. Default judgment was entered in favor of the Bank on August 14, 1987. Stewart filed this appeal on August 17, 1987.[1]

Stewart raises two issues on appeal. Initially, Stewart contends that the default judgment is defective because it authorized payment of attorney's fees and legal expenses out of the proceeds of the sale of the repossessed collateral. Stewart also contends that entry of default judgment in favor of the Bank was inappropriate and therefore the default judgment should be set aside and the case remanded for a full trial.

■ Stewart argues that the provision contained in the default judgment which authorizes attorney's fees and legal expenses to be paid out of the proceeds of the sale of the collateral is invalid because it is directly contrary to Section 28–26–04 of the North Dakota Century Code.

In the instant case, Stewart agreed under the retail installment contract to pay reasonable attorney's fees and other legal expenses incurred by the dealer in effecting collection under the contract except as otherwise prohibited by law. The judgment rendered by the district court on Au-

gust 14, 1987, authorized the Bank to sell the collateral and apply the proceeds from the sale toward the cost of repossession, cost of sale, attorney's fees and legal expenses incurred by the Bank in this action. The Bank concedes on appeal that the default judgment was defective insofar as it authorized attorney's fees and legal expenses to be recovered out of the sale proceeds.

We note that, although attorney's fees can be awarded if agreed to by the parties, such an agreement is limited by Section 28–26–04 which provides as follows:

"28–26–04. Attorney's fee in instrument void.—Any provision contained in any note, bond, mortgage, security agreement, or other evidence of debt for the payment of an attorney's fee in case of default in payment or in proceedings had to collect such note, bond, or evidence of debt, or to foreclose such mortgage or security agreement, is against public policy and void."

Accordingly, we believe that the trial court's award of attorney's fees and legal expenses was in violation of Section 28–26–04 of the North Dakota Century Code.

■ Stewart also argues that the final judgment of default should be set aside and that the case should be remanded for a full trial. Stewart contends that Olein Auto Implement, Inc., the guarantor of the contract assigned to the Bank, is the only party liable for the unpaid balance upon default. We are not persuaded by this argument.

Default judgment under Rule 55 of the North Dakota Rules of Civil Procedure [2] is appropriate when it is shown by affidavit that the defendant has failed to plead or otherwise appear and that the plaintiff's

---

1. Stewart filed a motion for a stay of execution of the judgment on August 27, 1987. The stay of execution was granted on September 9, 1987.

2. Rule 55, N.D.R.Civ.P., provides in part as follows:

"(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear and the fact is made to appear by affidavit or otherwise, the court may direct the clerk to enter

an appropriate judgment by default in favor of the plaintiff and against the defendant as follows:
(1) When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the court, upon affidavit of the amount due and upon production of the written instrument, if any, upon which the claim is founded, may direct the entry of judgment."

claim against the defendant is for a sum certain.

We note that the Bank in its application for default judgment did provide sufficient proof of default including an affidavit setting forth the amount due. Therefore, upon review of the record available in this case, we conclude that entry of default judgment by the trial court was not improper.

Accordingly, the judgment of the district court is affirmed except as to the award of attorney's fees which we reverse.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.