PRODUCTION CREDIT ASSOCIATION OF MANDAN, a Corporation, Plaintiff and Appellee,

v.

Joe M. OBRIGEWITCH, Jr., and Magdelena Obrigewitch, Defendants and Appellants.

Civ. No. 880369.

Supreme Court of North Dakota.

July 18, 1989.

Thomas B. Bair, of Bair, Brown & Kautzmann, Mandan, for plaintiff and appellee.

Joe M. Obrigewitch and Magdelena Obrigewitch, defendants and appellants, Belfield, pro se.

VANDE WALLE, Justice.

This is an appeal from a default judgment entered against the appellants, Joe M. Obrigewitch, Jr., and Magdelena Obrigewitch, in favor of the appellee, Production Credit Association of Mandan. We affirm.

In 1983, the Obrigewitches and PCA entered into a loan agreement to finance the Obrigewitches' farming operations. In order to secure the loan from PCA, the Obrigewitches granted a security interest in various equipment, tools, livestock, and numerous other types of property. The loan agreement was later modified to, among other things, provide that the balance due to PCA would be paid on or before February 1, 1988, unless the parties agreed in writing to different repayment terms. No subsequent agreement was made and despite their commitment under the loan agreement the Obrigewitches failed to pay the balance due. PCA brought this action to foreclose on the security interest.

After the Obrigewitches failed to answer the complaint, the trial court granted default judgment in favor of PCA. The day after default judgment was entered, the Obrigewitches filed a document alleging they had not been properly served with the summons and complaint. The Obrigewitches' allegation was in conclusory terms, without factual recitation or documentation. PCA subsequently moved under Rule 60(a), N.D.R.Civ.P.,[1] to amend the judgment on the ground that the judgment was inconsistent with the prayer for relief in PCA's complaint. The Obrigewitches filed a "return resisting notice of motion and notice under [rule] 3.2" requesting a hearing. A hearing was scheduled and all parties received notice of the time and place of the hearing. The Obrigewitches did not appear. The court heard evidence from PCA on the issue of whether the Obrigewitches had been properly served with the summons and complaint and found that they had been properly served. It subsequently granted PCA's motion to amend the judgment.

On appeal, the Obrigewitches argue that the trial court erred in finding the summons and complaint was properly served and that the trial court erred in granting the motion to amend the judgment.

■ Initially we note that if the service of process on a defendant is going to be challenged it must be challenged in more than conclusory terms. It must be supported by factual allegations and documentation. Cf. *Production Credit Ass'n of Mandan v. Obrigewitch*, 443 N.W.2d 304 (N.D.1989). Here, faced with an affidavit of the deputy sheriff that they had been properly served, the Obrigewitches filed a "Judicial Notice and Affidavit" stating: "Judicial Notice that we have not received any summons and complaint in the above entitled action, under Rule [4]D North Dakota Court Rules [N.D.R.Civ.P.]. But we have received a false statement citing Ser-

---

**1.** That rule provides: "Clerical mistakes in judgments, ... and errors therein arising from oversights or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

vice of Process has been made. (Exhibit A—Supplementary Brief) Statement sworn to by Mike Adolph, Deputy Sheriff is false. (Exhibit B)." After receiving notice of hearing from the court administrator that an "Evidentiary hearing on the sufficiency of service of process on the Defendants" would be held, the Obrigewitches did not appear. Thus only the evidence and affidavits introduced by PCA provide us with any factual information.

The basis of the Obrigewitches' argument that the summons and complaint was not properly served appears to be that there can be no service if the person sought to be served does not accept the papers. In this case, Mike Adolph, a deputy sheriff, approached Mr. Obrigewitch in a hallway of the Stark County Courthouse. Adolph testifies in his affidavit:

"Joe M. Obrigewitch and Magdalena [sic] Obrigewitch refused to take the Summons and Complaint and the documents were laid on courtroom bench within two feet of Joe M. Obrigewitch. Magdalena [sic] realized she was about to recieve [sic] papers fled courtroom. I followed her out and announced her name, she paused and glanced at me, and [I] said these papers are for you. She continued out of courthouse. Magdalena's [sic] papers were placed with Joe M. Obrigewitch Jrs. on the courtroom bench and all were left there."

We held in *Flex Credit, Inc. v. Winkowitsch,* 428 N.W.2d 236 (N.D.1988), that there was proper service when the papers had been left inside the residence of the people being served when those people were observed inside the house and they were told the papers were being left but refused to come to the door. We further stated in that opinion:

"It is well settled that when a person refuses to accept service, personal service may be effected by leaving the pa-

pers at a location, such as on a table or on the floor, near that person. *E.g., Novak v. World Bank,* 703 F.2d 1305, 1310 n. 14 (D.C.Cir.1983); *Errion v. Connell,* 236 F.2d 447, 457 (9th Cir.1956); *Heritage House Frame and Moulding Co., Inc. v. Boyce Highlands Furniture,* 88 F.R.D. 172, 174 (E.D.N.Y.1980); *Bossuk v. Steinberg,* 58 N.Y.2d 916, 460 N.Y. S.2d 509, 447 N.E.2d 56 (1983); 4A C. Wright and A. Miller, *Federal Practice and Procedure* § 1095, at pp. 71–72 (1987)." 428 N.W.2d at 239.

■ We conclude from the record before us that the Obrigewitches were properly served. We do not accept the argument that anyone can avoid having to defend an action by merely refusing to accept service of process. That would be akin to allowing each individual to choose whether he or she is going to be immune from lawsuits, a practice that would undermine our whole system of settling disputes.

The second issue raised by the Obrigewitches is whether the trial court, in its amended judgment, granted PCA additional benefits that are not encompassed in Section 28–20–07, N.D.C.C.[2] Their argument appears to be that the amended judgment allows for double recovery.

In its brief in support of the motion to amend the judgment, PCA explained why it was seeking to amend the judgment:

"The order for judgment in this action provided for a money judgment against the Defendants. The prayer for relief in Plaintiff's Complaint requested the entry of a judgment providing for a money judgment against the Defendants in the amount of their debt to the Plaintiff, a sale of the collateral subject to the Plaintiff's security interest and application of the proceeds to Defendants' debt, and the deficiency between the net proceeds of any sale and the amount of Defendants' debt to the Plaintiff as provided

---

2. Section 28–20–07, N.D.C.C., provides in relevant part, "In an action to recover the possession of personal property, the judgment for the plaintiff may be for the possession, or for the recovery of possession, or for the value thereof in case a delivery cannot be had and for damages for the taking and detention thereof."

by law, together with interest, costs and disbursements. The original Judgment entered herein has been described as ambiguous. The Amended Judgment to be entered herein will clearly provide for the relief demanded in the Complaint."

In *United Bank of Bismarck v. Selland*, 425 N.W.2d 921, 924 (N.D.1988), we stated in response to an argument that a bank may not simultaneously pursue separate remedies:

"Section 41–09–47(1) [U.C.C. § 9–501], N.D.C.C., provides in part that upon default a secured creditor 'may reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure.... The rights and remedies referred to in this subsection are cumulative.' Although a secured party's rights under Article 9 are cumulative, courts have noted that U.C.C. § 9–501(1) does not authorize a secured party 'to "harass a debtor by simultaneously pursuing two or more avenues of attack open to him." ' *Baldwin v. First National Bank of Black Hills*, 362 N.W.2d 85, 89 (S.D.1985) [quoting White and Summers, *Uniform Commercial Code* § 26–4, at p. 765 (West 1972) ]. We have similarly observed that '[t]here may indeed be situations where a creditor in possession of collateral has forfeited all rights to any alternative remedy, particularly when to hold otherwise would permit a double recovery, ...' *Advanced Irr., Inc. v. First Nat. Bank*, 366 N.W.2d 783, 785 (N.D.1985). However, that situation is not present in this case."

◼ In this case, the judgment does not grant PCA anything more than what is authorized by law. Under *Selland*, PCA is permitted to combine remedies; that is, obtain a money judgment for the balance due on the debt and foreclose on the lien. Cf. *Schiele v. First Nat'l Bank of Linton*, 404 N.W.2d 479 (N.D.1987) [creditor may foreclose on all collateral in a single proceeding or may foreclose on a portion of the property in one proceeding and foreclose on other property in a subsequent proceeding]. PCA may not recover more than once. Here, there is no danger of double recovery because the amended judgment states that only so much of the property be sold as may be necessary to satisfy the judgment.

◼ Finally, PCA suggests this appeal is frivolous and therefore PCA is entitled to attorney fees and costs under Rule 38, N.D.R.App.P. Rule 38 specifies that "[i]f the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs including reasonable attorney's fees." We have previously stated that "[a]n appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." *Podoll v. Brady*, 423 N.W.2d 151, 153 (N.D.1988) [quoting *Healy v. Healy*, 397 N.W.2d 71, 76 (N.D.1986) ]. We do not consider this appeal so flagrantly groundless as to justify awarding costs and attorney fees against the Obrigewitches, and therefore PCA's request is denied.

The judgment is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.