The FEDERAL LAND BANK OF SAINT PAUL, a body corporate, Plaintiff and Appellee,

v.

Chester A. BRAKKE, aka Chester Arthur Brakke; Alice Brakke, aka Alice M. Brakke; and Ronald D. Brakke, Defendants and Appellants,

Pioneer Life Trust; Nancy D. Bye; Jean M. Brakke, deceased; Timothy J. Brakke; Karen Jean Brakke; Ronald Daren Brakke; Common Title Bond & Trust, a Nevada Trust pc. Trustee; Dakota Bank and Trust Co., of Fargo; United States of America; The Pierce Co., Inc.; South Dakota Wheat Growers Association; Rust Sales, Inc.; Donald Hansen; State of North Dakota; Horace Farmers Elevator Company; James Stegman; Hall GMC, Inc.; State of North Dakota Vivian E. Berg, Disciplinary Board of the North Dakota Supreme Court of the State of North Dakota; Sarah Vogel and Nicholas Spaeth; William L. Grey; United Accounts, Inc. of Bismarck, North Dakota; and all other persons unknown whether as heirs, legatees, devisees or creditors of Jean M. Brakke, Defendants.

Civ. No. 890092.

Supreme Court of North Dakota.

Oct. 31, 1989.

Ronald D. Brakke, Horace, pro se.

Chester A. Brakke and Alice Brakke, Fargo. Submitted on brief.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for plaintiff and appellee; argued by W. Todd Haggart.

GIERKE, Justice.

Chester A. Brakke, Alice M. Brakke, and Ronald D. Brakke appeal from a district court judgment which allowed the Federal Land Bank of St. Paul to foreclose upon the Brakkes' mortgage held by the Federal Land Bank. We affirm.

■ Initially, the Brakkes contend that the Federal Land Bank is not authorized by the State of North Dakota to conduct business in the State. They argue that since the Bank has not been issued a certificate of authority from the Secretary of State's office, it cannot bring this action.

We specifically addressed this issue in *Federal Land Bank of St. Paul v. Gefroh*, 390 N.W.2d 46 (N.D.1986). We held in *Gefroh* that it was settled that "corporations created by the authority of the United States are not foreign corporations but have a legal existence in every state in which they may transact business pursuant to the authority conferred upon them by Congress." *Gefroh, supra*, 390 N.W.2d at 47 (citing *Federal Land Bank of Omaha v. Felt*, 368 N.W.2d 592, 595 (S.D.1985)). Noting that federal land banks are federally chartered instrumentalities of the United States, we concluded in *Gefroh* that the federal land bank was not required to obtain a certificate of authority in order to maintain an action in North Dakota. *Gefroh, supra*, 390 N.W.2d at 47.

Secondly, the Brakkes assert the defense of insufficiency of process as a bar to this action. It is unrefuted that Alice and Chester, in their separate answers, failed to raise this affirmative defense. Rule 12(h)(1), N.D.R.Civ.P., provides:

"A defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivi-sion (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."

Therefore, Alice and Chester effectively waived the defense by not raising it in their first responsive pleadings.

■ Ronald argues that he was not served with a summons and complaint to this action. Our review of the record indicates evidence of a sheriff's return which states that Ronald Brakke was served with the summons and complaint to this action. In *Turnquist v. Kjelbak*, 77 N.W.2d 854 (N.D.1956), we recognized that a "sheriff's return of service is not conclusive, but is strong evidence of facts, as to which law requires him to certify, and should ordinarily be upheld, unless contradicted by clear and satisfactory proof." We held in *Production Credit Ass'n v. Obrigewitch*, 443 N.W.2d 923, 924 (N.D.1989), that "[I]f the service of process on a defendant is going to be challenged it must be challenged in more than conclusory terms. It must be supported by factual allegations and documentation." Ronald's mere conclusory accusation that the sheriff's return is false does not prove the return's untruthfulness by the convincing, satisfactory and documented factual evidence which we require to nullify a sheriff's return. Thus, on the evidence before us, we conclude that the service of process was proper in all respects.

With regard to the Brakke's additional arguments raised on appeal, we have held that "evidence which does not appear in the record of the trial court proceedings cannot be considered by this court on appeal." *Flex Credit, Inc. v. Winkowitsch*, 428 N.W.2d 236, 239 (N.D.1988) (citations omitted.) Neither Chester, Alice nor Ronald appeared at the district court trial to offer evidence in this case. Further, they did not utilize any of the available post-judgment remedies whereby evidence may be submitted for consideration by the trial court, and on appeal, by this Court. *See, e.g.*, Rule 60(b), N.D.R.Civ.P. We will not apply

our procedural rules differently merely because the Brakkes were acting pro se. *Flex Credit, supra,* 428 N.W.2d at 239.

For the reasons stated in this opinion, the district court's judgment is affirmed.

ERICKSTAD, C.J., VANDE WALLE, J., and VERNON R. PEDERSON and ILVEDSON, Surrogate Justices, concur.

VERNON R. PEDERSON and ILVEDSON, Surrogate Justices, sitting in place of LEVINE and MESCHKE, JJ., disqualified.