**PRODUCTION CREDIT ASSOCIATION OF MANDAN, a corporation, Plaintiff and Appellee,**

**v.**

**Joe M. OBRIGEWITCH, Jr., a/k/a Joe Obrigewitch, a/k/a Joe M. Obrigewitch, Magdelena Obrigewitch, a/k/a Magdelana Obrigewitch, a/k/a Magdalana Obrigewitch, a/k/a Magdelena E. Obrigewitch, a/k/a Magdelina Obrigewitch, 3J Living Trust, Common Title Bond & Trust, Joel Obrigewitch, Karla Obrigewitch, Karen Obrigewitch, Kurt Obrigewitch, Jennifer Obrigewitch, Amy Joe Obrigewitch, Jami Lee Obrigewitch, Dan Porter Motors, Inc., E.L. Price Bank, First National Bank of Belfield, and all other persons unknown, claiming any estate or interest in or lien or encumbrance upon, the real estate described in the Complaint, Defendants.**

**and**

**Joe M. OBRIGEWITCH, Jr., Magdelena Obrigewitch and Kurt Obrigewitch, Third–Party Plaintiffs,**

**v.**

**Robert WINGENBACH and Thomas Bair, Third–Party Defendants and Appellees,**

**Joe M. Obrigewitch, Jr. and Kurt Obrigewitch, Defendants, Third–Party Plaintiffs and Appellants.**

**Civ. No. 890353.**

Supreme Court of North Dakota.

Oct. 31, 1990.

Thomas B. Bair, of Bair, Brown & Kautzmann, Mandan, for plaintiff and appellee Production Credit Ass'n of Mandan and for third-party defendants and appellees Robert Wingenbach and Thomas Bair.

Joe M. Obrigewitch, Jr., and Kurt Obrigewitch, Belfield, pro se.

VANDE WALLE, Justice.

Joe M. Obrigewitch, Jr., and Kurt Obrigewitch appealed from a default judgment entered in a real estate mortgage-foreclosure action brought by Production Credit Association of Mandan (PCA). We affirm.

On March 30, 1983, Joe and Magdelena executed a mortgage on land in Stark County as security for repayment of their debt with PCA. On June 5, 1983, PCA and Joe and Magdelena Obrigewitch executed a "Basic Loan Agreement" setting forth the terms and conditions applying to loans from PCA to Joe and Magdelena. On November 9, 1983, Joe and Magdelena granted PCA a security interest in personal property as additional security for their debt.

On October 14, 1987, Joe and Magdelena executed a "Supplementary Loan Agreement" in which they agreed that the outstanding principal balance on their debt was $94,530.33 and that that balance would be paid on or before February 1, 1988, unless the parties agreed in writing to different repayment terms. No subsequent agreement for different repayment terms was made, and Joe and Magdelena failed to pay the balance due.

PCA commenced this action in Stark County to foreclose on the real estate mort-

gage.[1] After the time for filing an answer had expired, PCA moved for a default judgment. The appellants engaged in several procedural maneuvers, including an attempted interlocutory appeal which was dismissed by this court. Subsequently, and pursuant to notice, a hearing on PCA's motion for default judgment was held in Billings County on September 11, 1989. After determining that the time for answering the complaint or to make a proper response had expired, the court granted default judgment.

■ The appellants contend that the hearing on the motion for default judgment in Billings County was improper because the foreclosure action was on land in Stark County. The appellants argue that the action was improperly venued.

Section 28–04–01, N.D.C.C., provides:

*"Venue of actions relating to real property.* An action for any one of the following causes must be brought in the county in which the subject matter of the action, or some part thereof, is situated, *subject to the power of the court to change the place of trial upon agreement of counsel or in other cases provided by statute:*

\* \* \* \* \* \*

"4. For the foreclosure of a mortgage upon real property." [Emphasis added].

Section 28–04–07(3), N.D.C.C., authorizes the court to change the place of trial[2] when "the ends of justice would be promoted by the change."

This action was originally brought in Stark County in compliance with Section 28–04–01, N.D.C.C. PCA's counsel, the defendants, and the judge in this case were all scheduled for a hearing on the same day, September 11, 1989, in Billings County on a different case. The notice of hearing

for this case was served by mail on July 31, 1989, and specifically stated that the hearing on pending motions would be in the Billings County courthouse on September 11, 1989. Although the appellants assert that they "strenuously" objected to the hearing in Billings County, this record does not reflect that the appellants made a prehearing objection to the venue in Billings County. Furthermore, we are unable to determine whether or not the appellants objected at the hearing because they did not order a transcript of the September 11, 1989 hearing in Billings County. The appellants have a duty under Rule 10, N.D.R. App.P., to order a transcript, and they must suffer the consequences if they do not. *Dakota Bank & Trust Co. of Fargo v. Federal Land Bank,* 437 N.W.2d 841 (N.D.1989). In the absence of any record of an objection by the appellants, we cannot say that the court abused its discretion in conducting this hearing in Billings County to take advantage of the presence of the parties and the judge and to promote the "ends of justice." See *Stonewood Hotel v. Davis Development,* 447 N.W.2d 286 (N.D. 1989).

The appellants assert that the trial court erred in granting a foreclosure judgment because there was not a valid promissory note under the requirements of Section 41–03–04, N.D.C.C.

■ Section 41–03–04, N.D.C.C., describes the form for negotiable instruments under the Uniform Commercial Code. Although an obligation secured by a mortgage must be valid and supported by consideration, the obligation need not meet the exacting standards of negotiability under the Uniform Commercial Code. *E.E.E., Inc. v. Hanson,* 318 N.W.2d 101 (N.D. 1982). Generally, any obligation capable of being reduced to money value may be secured by a mortgage. *Id.*

---

**1.** An action to foreclose the security interest in the personal property was reduced to judgment on December 1, 1988, and affirmed by this court in *Production Credit Association of Mandan v. Obrigewitch,* 443 N.W.2d 923 (N.D.1989). A partial satisfaction of that judgment in the amount of $54,489.70 was entered on June 2, 1989, leaving $63,026.27 unsatisfied.

**2.** PCA argues that Section 28–04–01, N.D.C.C., is not applicable because it pertains to trials and this case involved a hearing on a motion for default judgment. Because of our resolution of the venue issue, we do not decide whether Section 28–04–01, N.D.C.C., applies only to trials.

■ There is nothing in this record to indicate that the supplementary loan agreement was not valid and supported by consideration. We therefore conclude that the obligation secured by the mortgage was valid.

■ The appellants also contend that the provision for the payment of attorney fees in the Basic Loan Agreement[3] renders the agreement void and extinguishes the debt.

Section 28–26–04, N.D.C.C., provides:

*"Attorney's fee in instrument void.—* Any provision contained in any note, bond, mortgage, security agreement, or other evidence of debt for the payment of an attorney's fee in case of default in payment or in proceedings had to collect such note, bond, or evidence of debt, or to foreclose such mortgage or security agreement, is against public policy and void."

The language in the Basic Loan Agreement specifically obligates the borrower to pay attorney fees "except where and to the extent prohibited by applicable law." Section 28–26–04, N.D.C.C., is applicable law prohibiting attorney fees, but it only voids the provision for payment of attorney fees. *Commercial Bank of Mott v. Stewart,* 429 N.W.2d 402 (N.D.1988). We conclude that the provision for payment of attorney fees in the Basic Loan Agreement does not extinguish the debt.

The appellants also assert that the trial judge erred in refusing to disqualify himself because of bias and prejudice. This record does not reflect that the appellants sought to disqualify the judge.

■ The appellants further argue that this proceeding was based upon the same debt as the action in *PCA v. Obrigewitch,* 443 N.W.2d 923 (N.D.1989). That case involved the foreclosure of a security interest in personal property and was reduced to judgment before this judgment was obtained. See fn. 1. The procedure employed by PCA in this case was permissible. *State Bank of Towner v. Hansen,* 302 N.W.2d 760 (N.D.1981).

■ The appellants also argue that PCA was not registered to transact business in North Dakota, and, therefore, the district court lacked jurisdiction. PCA is a federally chartered instrumentality and the appellants' argument is controlled by *Federal Land Bank of St. Paul v. Gefroh,* 390 N.W.2d 46, 47 (N.D.1986), in which we held that federal land banks are federally chartered instrumentalities and were not required to obtain a certificate of authority in order to maintain an action in North Dakota.

Finally the appellants assert that they tendered full payment of the debt in the form of a sight draft. The appellants' argument is meritless. *Federal Land Bank of St. Paul v. Brakke,* 417 N.W.2d 380 (N.D.), *cert. denied,* 487 U.S. 1221, 108 S.Ct. 2879, 101 L.Ed.2d 913 (1988).

The judgment is affirmed.

ERICKSTAD, C.J., and MESCHKE and LEVINE, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of GIERKE, J., disqualified.

---

3. That provision reads as follows:
"Expenses of PCA.
"Except where and to the extent prohibited by applicable law, [the Borrower shall] promptly pay or reimburse PCA for all expenses, fees, and disbursements, including reasonable attorneys fees incurred either before or after any default in connection with this Agreement and the documents related to it, the perfection of PCA's security interest or other lien in collateral, or incurred in connection with protecting or enforcing its rights with respect to collateral or foreclosing against the same as more fully detailed in any security agreements, mortgages, or other collateral documents given in accordance with Section 5.0 of this Agreement."