295 So.2d 714 (1974)
GRANDWAY CREDIT CORPORATION, Appellant,
v.
Robert BROWN, Sr., and Clare M. Brown, His Wife, Appellees.
No. 73-1378.
District Court of Appeal of Florida, Third District.
May 28, 1974.
Douglas C. Kaplan and Howard T. Jaffe, Hollywood, for appellant.
Robert Brown, Sr., and Clare M. Brown, in pro. per.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant seeks review of the trial court's order dismissing with prejudice plaintiff's complaint for foreclosure and declaring the subject note and mortgage null and void.
Plaintiff, Grandway Credit Corporation, filed a complaint to foreclose a mortgage wherein it alleged that defendants, Robert Brown and his wife, after having made one payment defaulted on a mortgage note in the sum of $2,700 which they executed and delivered to the plaintiff. In response thereto, defendant-appellees filed an anwer and counterclaim for $1,000 in damages and alleged therein that plaintiff violated the Federal Truth and Lending Act, 15 U.S.C.A. § 1601 et seq. in that it failed (1) to *715 make full disclosure thereunder, (2) to provide defendants with a duplicate instrument containing the required disclosure, and (3) to give the three-day notice of rescission. The cause came on for trial on July 24, 1973 where it was admitted that the defendants had made only one payment on the note and mortgage. In addition, a representative of the plaintiff testified that the three-day notice of rescission was furnished to the appellees. The defendants, Mr. and Mrs. Brown, did not testify. At the close of plaintiff's case, the trial judge intervened and invalidated the subject note and mortgage and as grounds therefor reasoned that the three-day notice of rescission was a prerequisite to the establishment of a prima facie case for and on behalf of the plaintiff. Thereupon, the court entered the herein appealed order dismissing plaintiff-appellant's complaint with prejudice and declaring the note and mortgage a nullity for failure of the appellant to affirmatively show compliance with the Federal Truth and Lending Act. In addition, the court also dismissed the counterclaim as being inequitable. We reverse.
In their counterclaim for damages, defendants alleged the violations of the Truth and Lending Act, 15 U.S.C.A. § 1601 et seq. Since a counterclaim is in effect a separate cause of action, the defendant has the burden of proving the facts alleged therein. 8 Fla.Jur. Counterclaim § 46 (1956). Thus, it was clearly erroneous to have placed the burden upon the plaintiff in the case sub judice to negate the allegations of the counterclaim. Further, we note that the Truth and Lending statute provides for its own penalties upon violation thereof (15 U.S.C.A. § 1640) and does not affect the validity or enforceability of valid legal obligations.
Accordingly, we reverse the order herein appealed and remand this cause for a new trial on both plaintiff's complaint and defendants' counterclaim.
Reversed and remanded.