SHARP, Chief Judge.
Emil and Mary Jean Smigelsky appeal from a final judgment of foreclosure on real estate owned by them in Seminole County. Their defense to the suit brought by Barnett Bank of Central Florida, N.A., was that in the disclosure statement required by the federal Truth-In-Lending Act, the bank misstated the total finance charge and the amoúnt of the required final payment required on the mortgage note executed by them. We affirm.
The Smigelskys executed a promissory note for $20,000.00 payable in installments over a five-year period. The interest rate was stated as two percent over prime rate, a “variable” amount. In the disclosure portion of the note form, which is required by the federal Truth-In-Lending Act, the bank made an obvious error. It showed as the total finance charge only the interest payable for one year at the original interest rate; and as a result it also understated the amount of the final payment.
The bank conceded it was liable for the $1,000.00 statutory penalty due under section 1640(a)(2)(A)(i) for a Truth-In-Lending disclosure violation, and the court gave the Smigelskys credit for that sum in the foreclosure judgment. The Smigelskys did not attempt to recover actual damages under section 1640(a)(1). Attorney fees pursuant to section 1640(a)(3) of this act are also not in issue.[1]
The Smigelskys argue that the bank can only collect and charge the amount of interest shown in the erroneous disclosure statement. However, the trial court determined on summary judgment from the face of the documents that the applicable terms of this transaction were those set forth in the body of the promissory note itself, which clearly provides that interest is payable at “a variable rate of 2% per annum in excess of the prime rate.”
Although a creditor may be liable for statutory penalties under the Truth-In-Lending Act, there is nothing in that law or this state’s law which make the terms of a promissory note unenforceable because of an erroneous disclosure. 15 U.S.C.A. § 1610(d); Brown v. Marquette Savings and Loan Association, 686 F.2d 608 (7th Cir.1982); Mirabal v. General Motors Acceptance Corp., 537 F.2d 871 (7th Cir. 1976), overruled in part by Brown v. Marquette; Grandway Credit Corp. v. Brown, 295 So.2d 714 (Fla. 3d DCA 1974). One possible defense against the $1,000 statutory penalty imposed by the Truth-In-Lending Act is provided for by section 1640(b).[2] It is not applicable in this case for two reasons: first, it was not asserted by the bank; and second, since more finance charge is claimed here than was disclosed it would not fit the language of the statute. Mirabal. However, that possible defense has no impact on a creditor’s right to collect the full amount of interest provided for in a promissory note executed by an obligor.
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.

. The summary judgment order awards attorneys’ fees to both parties: the bank under the promissory note and the Smigelskys under section 1640(a)(3) of the Truth-In-Lending Act.

. 15 U.S.C.A., section 1640(b) states:
A creditor or assignee has no liability under this section [civil liability] or section 1607 [administrative enforcement of banks, et al.] of this title or section 1611 [criminal liability] of this title for any failure to comply with any requirement imposed under this part, or part E of this subchapter, if within sixty days after discovering an error, whether pursuant to a final written examination report or notice is-
sued under section 1607(e)(1) of this title or through the creditor’s or assignee’s own procedures, and prior to the institution of an action under this section or the receipt of written notice of the error from the obligor, the creditor or assignee notifies the person concerned of the error and makes whatever adjustments in the appropriate account are necessary to assure that the person will not be required to pay an amount in excess of the charge actually disclosed, or the dollar equivalent of the annual percentage rate actually disclosed, whichever is lower, (emphasis added)