**FLEX CREDIT, INC., Plaintiff and Appellee,**

v.

**Benjamin D. WINKOWITSCH and Faith Winkowitsch, Defendants and Appellants.**

**Civ. No. 870311.**

Supreme Court of North Dakota.

Aug. 16, 1988.

Pearce & Durick, Bismarck, for plaintiff and appellee; argued by Larry L. Boschee.

DeLayne G. Nassif, Fargo, and Rudolph Lion Zalowitz, Elizabeth, N.J., for defendants and appellants; argued by Rudolph Lion Zalowitz.

ERICKSTAD, Chief Justice.

Benjamin D. and Faith Winkowitsch appeal from a county court judgment declaring that Flex Credit, Inc. [Flex Credit] has the right to immediate possession of certain Burleigh County property and ordering that the Winkowitsches be evicted from that property. Flex Credit has moved to dismiss the appeal. We deny the motion to dismiss the appeal and affirm the judgment.

The Winkowitsches acquired title to the parcel of real property on December 18,

1980. The property, however, was ultimately seized by the Internal Revenue Service [IRS] for collection of unpaid federal taxes. The IRS publicly offered the property for sale at a minimum price of $10,-223.59. When none of the bids equaled or exceeded the minimum price, the United States purchased the property. After the applicable redemption period provided under federal law had passed, the IRS executed a "District Director's Deed" to the United States. On September 8, 1987, the United States executed a quit claim deed for the property to Flex Credit for the sum of $1,000.

On September 30, 1987, the Winkowitsches were personally served with a "Notice of Intention to Evict." The Winkowitsches remained on the property, however, and Flex Credit brought this eviction action pursuant to Chapter 33–06, N.D.C.C. On October 5, 1987, a deputy sheriff attempted to personally serve the summons and complaint upon the Winkowitsches.

The summons specified that the Winkowitsches were required to appear at the Burleigh County Courthouse at 2:30 p.m. on October 14, 1987, to defend the action. On October 12, 1987, the clerk of the county court sent a letter to counsel for Flex Credit and the Winkowitsches advising them that the court had rescheduled the hearing "to October 14, 1987, at *4:00 p.m.*" [Emphasis in original.] The Winkowitsches did not appear at the hearing which began at approximately 4:25 p.m. on October 14. After Flex Credit presented its proof, the court entered its findings of fact, conclusions of law, and order for judgment, and judgment was entered accordingly on October 14, 1987. The Winkowitsches served Flex Credit with an answer to the complaint on October 22, 1987, and on October 23, 1987, they filed a notice of appeal from the judgment.

## MOTION TO DISMISS

Flex Credit asserts that the appeal should be dismissed because the Winkow-itsches failed to serve a designation of the record and statement of issues pursuant to Rule 30(b), N.D.R.App.P., and failed to timely file their brief under Rule 31(a), N.D.R.App.P.[1]

Rule 3(a), N.D.R.App.P., provides in part that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court deems appropriate, which may include dismissal of the appeal." In exercising our discretion in determining whether to dismiss an appeal, we inquire into such matters as the prejudice to the other party by appellant's failure to comply with the rules; the demonstrated justification for the appellant's failure to comply with the rules; the curing of the defect prior to oral argument so that the merits may be evaluated; and the merits of the underlying appeal. *Federal Land Bank of St. Paul v. Overboe*, 426 N.W.2d 1, 3 (N.D. 1988).

Taking these matters into consideration, we conclude that dismissal of the appeal is not warranted in this case. Flex Credit has not demonstrated prejudice and any noncompliance with the rules has not significantly delayed processing of the appeal. *See Matter of Estate of Raketti*, 340 N.W.2d 894, 897–898 (N.D.1983). Inasmuch as Flex Credit has not requested any sanctions other than dismissal, we decline to assess costs against the Winkowitsches for noncompliance, deny the motion to dismiss, and proceed to the merits.

## MERITS

The dispositive issues raised on appeal are 1) whether service of process was valid; 2) whether the county court erred in holding the eviction hearing before expiration of the 20 days provided under the rules of civil procedure to serve an answer; and 3) whether the Winkowitsches had adequate notice of the hearing.

---

**1.** Another ground relied on in the original motion to dismiss was the Winkowitsches' failure to file a bond for costs on appeal pursuant to Rule 7, N.D.R.App.P. Flex Credit has since waived that requirement.

## I

The Winkowitsches assert that service of the summons and complaint was invalid because the documents were merely left on the floor of the entryway to their residence. In the sheriff's return, the deputy sheriff certified that he had served the Winkowitsches on October 5, 1987 "by leaving 2 copies inside the residence, door was open, defendants osberved (sic) inside the house, refused to come to door, defendants were told the papers were being left."

■ Rule 4(d)(2)(A)(i), N.D.R.Civ.P., allows service of process within the state to be made "upon an individual 14 or more years of age by ... delivering a copy of the summons to him personally." It is well settled that when a person refuses to accept service, personal service may be effected by leaving the papers at a location, such as on a table or on the floor, near that person. *E.g., Novak v. World Bank*, 703 F.2d 1305, 1310 n. 14 (D.C.Cir.1983); *Errion v. Connell*, 236 F.2d 447, 457 (9th Cir.1956); *Heritage House Frame and Moulding Co., Inc. v. Boyce Highlands Furniture*, 88 F.R.D. 172, 174 (E.D.N.Y. 1980); *Bossuk v. Steinberg*, 58 N.Y.2d 916, 460 N.Y.S.2d 509, 447 N.E.2d 56 (1983); 4A C. Wright and A. Miller, *Federal Practice and Procedure* § 1095, at pp. 71–72 (1987).

■ The Winkowitsches assert in their appellate brief that they found the summons and complaint on the floor of the entry to their residence "the morning of October 10, 1987." However, evidence which does not appear in the record of the trial court proceedings cannot be considered by this court on appeal. *See Vorachek v. Citizens State Bank of Lankin*, 421 N.W.2d 45, 51–52 (N.D.1988) [refusal to consider evidentiary assertions in appellate briefs]; *In Interest of R.H.*, 262 N.W. 2d 719, 722 (N.D.1978) [refusal to consider testimony not made a part of the record on appeal]; *Svihla v. Svihla*, 126 N.W.2d 135, 137–138 (N.D.1964) [refusal to consider affidavit not included in record]. *See also* Rule 10(a), N.D.R.App.P. [Composition of the Record on Appeal]. We recognize that the Winkowitsches did not appear at the trial to offer evidence in this case. How-

ever, there are post-judgment proceedings available whereby evidence may be submitted for consideration by the trial court, and on appeal, by this court. *See, e.g.,* Rule 60(b), N.D.R.Civ.P. The Winkowitsches did not attempt to supplement the record through post-judgment procedures, and we will not apply our rules differently merely because they were acting pro se below. *E.g., Hennebry v. Hoy*, 343 N.W.2d 87, 90 (N.D.1983).

■ The record before us reflects that upon the Winkowitsches' refusal to accept service, the deputy sheriff placed the documents in their general vicinity inside the residence and informed them he was doing so. We conclude that the manner of service was appropriate under the circumstances.

## II

The Winkowitsches assert that the county court erred in holding the eviction hearing before expiration of the 20 days allowed under Rule 12(a), N.D.R.Civ.P., to answer a complaint. We disagree.

■ Rule 12(a), N.D.R.Civ.P., states in part that "[a] defendant shall serve his answer within 20 days after the service of the summons upon him, ..." However, Rule 81(a), N.D.R.Civ.P., provides that "[s]tatutory procedures, whether or not listed in Table A, are excepted from these rules insofar as they are inconsistent or in conflict with the procedure and practice provided by these rules." Although the statutes governing eviction procedures, Chapter 33-06, N.D.C.C., are not listed in Table A [*see* North Dakota Court Rules, at pp. 144–145 (West 1988)], it is apparent that § 33-06-02, N.D.C.C., is "inconsistent or in conflict" with Rule 12(a), N.D.R.Civ.P. Section 33-06-02, N.D.C.C., provides that "[i]n any action for eviction the time specified in the summons for the appearance of the defendant may not be less than three nor more than fifteen days from the date on which it is issued." Further, because Chapter 33-06, N.D.C.C., constitutes a special statutory proceeding within the meaning of Rule 81(a), and it is not listed in

Table B [*see* North Dakota Court Rules, at pp. 146–153 (West 1988)], and thus not intended to be superseded, it is not superseded under Rule 86(b), N.D.R.Civ.P.[2] Thus, the expedited time period provided under § 33–06–02, rather than the 20 days allowed under Rule 12 for service of an answer, governs the time within which a defendant must appear and defend in an eviction action.[3]

## III

 The Winkowitsches assert that they did not receive adequate notice of the time of the hearing.[4] They claim, once again in their appellate brief, that they did not receive the letter mailed October 12, 1987, from the clerk of court rescheduling the hearing from 2:30 p.m. to 4 p.m. on October 14 until the day after trial. They further assert in their brief that at approximately 2:30 p.m. on October 14 "Faith Winkowitsch appeared at the Burleigh County Courthouse to attend a purported hearing of which Appellant Winkowitsch was unable to locate and attend." For the reasons stated in Part I of this opinion, we decline to consider these evidentiary assertions and limit our review to the record on appeal.

 Due process requires notice and a meaningful opportunity for a hearing appropriate to the nature of the case. *Powell*

*v. Hjelle,* 408 N.W.2d 737, 738 (N.D.1987); *Schmidt v. Thompson,* 347 N.W.2d 315, 323 (N.D.1984). The due process requirement of adequate notice is satisfied if the method of notice "is in itself reasonably certain to inform those affected." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 315, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). We might well agree with the Winkowitsches that notice was inadequate if the only notification they had of the hearing was that mailed by the clerk of court only two days earlier. *See generally State v. Tininenko,* 371 N.W.2d 762, 765–767 (N.D.1985) (Meschke, J., concurring specially). However, the initial summons served on October 5 informed the Winkowitsches that the hearing would be held at 2:30 p.m. on October 14.

We believe it is common knowledge that judicial proceedings, like all planned events, may not always commence at the scheduled time because of unforeseeable circumstances and that the parties to such proceedings may be required to wait. In this sense, the letter from the clerk of court rescheduling the hearing for a relatively short time later than that set forth in the summons was intended more as a matter of courtesy than as a matter of procedural notice. Presumably, if the Winkowitsches had appeared at 2:30 p.m., they would have been informed of the rescheduled 4 p.m. hearing. More-

2. Rule 86(b), N.D.R.Civ.P., provides:
 "*(b) Statutes Superseded.* Upon the taking effect of these rules all statutes and parts of statutes in conflict herewith and the statutes listed in Table B are suspended in respect of practice and procedure in the district courts."

3. Although it is not entirely clear, the Winkowitsches appear to argue in this regard either that denying them 20 days to answer the complaint violates their due process rights under the state constitution or that their due process rights under the state and federal constitutions were violated because they had insufficient time to prepare for the hearing. Both of these assertions implicate the constitutionality of the eviction procedures in Chapter 33–06, N.D.C.C. But the extent of their argument is merely to cite us to the various constitutional provisions they rely upon. They provide us with no case citations or supportive reasoning. We have often stated that one who attempts to attack a statute on constitutional grounds "'should bring up his heavy artillery or forego the attack entirely.'"

*Jones v. North Dakota Workmen's Comp. Bureau,* 334 N.W.2d 188, 192 (N.D.1983) [quoting *So. Valley Grain Dealers v. Bd. of County Comm'rs,* 257 N.W.2d 425, 434 (N.D.1977)]. We deem these bare allegations insufficient to raise the constitutional issues for our consideration. *E.g., State v. Patzer,* 382 N.W.2d 631, 639 n. 5 (N.D.), *cert. denied,* 479 U.S. 825, 107 S.Ct. 99, 93 L.Ed.2d 50 (1986).

4. The Winkowitsches also assert that they did not receive timely notice of default judgment under Rule 55(a)(3), N.D.R.Civ.P., or of summary judgment under Rule 56(c), N.D.R.Civ.P. This argument is without merit. Flex Credit sought neither a default judgment nor summary judgment under the rules. Because the eviction hearing was a trial on the merits, these rules are inapplicable. Moreover, assuming that it was a proceeding for a default judgment, the time period for notification under Rule 55(a)(3), N.D.R.Civ.P., is inapplicable because the Winkowitsches had made no appearance in the action.

241 of the Winkowitsches'

over, the trial judge noted for the record that "because of a scheduling problem in the Court, the Court had delayed the start of the hearing," and stated that, although he believed the Winkowitsches had not appeared, he would check with court personnel to find out whether the Winkowitsches had in fact appeared at the originally scheduled time. There is nothing in the record to cause us to assume that the trial judge did not do so.

We therefore conclude that on the record before us the summons listing the time of the hearing at 2:30 p.m. on October 14, 1987, was adequate notice of the hearing which ultimately commenced approximately two hours later.

The remainder of the Winkowitsches' assertions are based upon extra-record evidence or appear to be lodged against persons and entities which are not parties to this action. Accordingly, we deem them to be without merit.

The motion to dismiss the appeal is denied and the judgment is affirmed.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.