Duane HANSEN, Plaintiff and Appellee,

v.

Benjamin D. WINKOWITSCH and Faith Winkowitsch, Defendants and Appellants.

Civ. No. 900104.

Supreme Court of North Dakota.

Nov. 29, 1990.

Thomas M. Disselhorst, Bismarck, for defendants and appellants.

William C. Severin of Severin and Ringsak, Bismarck, for plaintiff and appellee.

VANDE WALLE, Justice.

Benjamin Winkowitsch and Faith Winkowitsch appealed from a judgment of eviction entered in Burleigh County Court. We affirm the judgment.

The land in question, located in Burleigh County, was acquired by the Winkowitsches in 1980. On February 3, 1987 this land was purchased by the United States following a seizure of the property by the Internal Revenue Service. The accompanying Certificate of Sale was recorded March 26, 1987. The Internal Revenue Service issued a Director's Deed to the United States which was recorded on September 3, 1987.

On September 8, 1987, the District Director of the Internal Revenue Service issued a quitclaim deed to Flex Credit, Inc., which was recorded September 9, 1987. Flex Credit obtained a judgment of eviction against the Winkowitsches. We upheld that judgment of eviction in *Flex Credit, Inc. v. Winkowitsch*, 428 N.W.2d 236 (N.D. 1988).[1] On October 9, 1989, Flex Credit conveyed the property to Duane Hansen by contract for deed, which was recorded October 11, 1989. The Winkowitsches remained on the property. Their refusal to leave the property required Hansen to initiate this eviction action to obtain possession of the property.

■ On appeal, the Winkowitsches raise two primary issues. First, whether the actions of the trial judge during the trial prevented the presentation of their case, thereby denying due process of law. Second, whether the chain of title is adequate to allow Duane Hansen to claim standing to bring an eviction action. In addition, the Winkowitsches present several issues which were either not presented or developed at the trial court level. The Winkowitsches contend that: the number of payments Hansen has made under the contract for deed affect his standing to bring this action; the quitclaim deed given by the I.R.S. to Flex Credit is void for inadequate consideration; and the purported transfer of the property made by the Winkowitsches subsequent to the seizure affect Hansen's title. Issues or contentions not adequately developed and presented at trial are not properly before this Court. *Edwards v. Thompson*, 336 N.W.2d 612 (N.D.1983). The purpose of an appeal is to review the actions of the trial court, not to grant the appellant the opportunity to develop new theories of the case. *Id.* Accordingly, we will not address these issues.

I.

■ The Winkowitsches appeared pro se in the trial court. Represented by counsel on this appeal, they contend that comments and actions by the trial judge were "so oppressive, harassing, impolite, intimidating and prejudicial as to prevent the Winkowitsches from presenting their case, thus resulting in a denial of due process of law."

In particular, counsel on appeal complains that the trial court assumed the Winkowitsches were representing themselves, did not ask them whether or not they wanted to retain counsel or whether or not they understood their right to retain counsel, repeatedly made it difficult, if not impossible, for them to present their case, interrupted Benjamin Winkowitsch repeatedly when he attempted to ask questions, did not wait for or ask for objections to exhibits, required Benjamin Winkowitsch to cross-examine the witness from his chair rather than from a standing position, interrupted his cross-examination of witnesses,

---

1. We have not considered herein whether certain issues raised on this appeal and which could have been raised in the appeal from the prior eviction action are barred by the doctrine of law of the case. *See Tom Beuchler Const. v. City of Williston*, 413 N.W.2d 336 (N.D.1987).

admonished him that he needed "to pay attention here now," failed to allow him to respond to objections raised by Hansen's counsel, and impeded Benjamin Winkowitsch's attempts to question Hansen by interrupting him.

■ But counsel on appeal, in casting the statements in the transcript in the light most unfavorable to the trial judge, is burdened with the same disability as is this Court, *i.e.*, we can only read a cold record which does not reveal to us the scene in the courtroom at the time the comments which the Winkowitsches allege are injurious to their case were made. This was not a jury trial and there was no jury to influence. The Winkowitsches and their actions in attempting to preserve their property from their creditors were known to the trial court [see *Flex Credit v. Winkowitsch, supra*] and were the subject of newspaper stories in the Bismarck Tribune. The trial judge need not be oblivious to all she has learned from public sources in order to secure the safety of her courtroom. It is in this setting which we view the comments of the trial judge as recorded in the transcript.

Rule 3 A of the Rules of Judicial Conduct governs the actions of the judge in performing her adjudicative responsibilities. It provides in part:

"(2) A judge shall maintain order and decorum in all proceedings presided over by the judge.

"(3) A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals as a judicial officer, and shall require similar conduct of lawyers, and of staff, court officials, and others subject to the judge's direction and control.

"(4) A judge shall accord to every person who is legally interested in a proceeding, or that person's lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte or other communications concerning the substance of a pending or impending proceeding."

At times there may be some tension between these various adjudicative responsibilities and it is the function of the trial judge to attempt to balance them in order to foster the interests of justice and the preservation of the judicial process. We consider the allegations of the Winkowitsches in light of these maxims.

We do not view the remarks of the trial judge in the disparaging light in which the Winkowitsches would cast them. Rather, we view the remarks as the effort by Judge Hagerty to abide by the principles set forth above. We have repeatedly stated a "cold record" is no substitute for the opportunity of the trial judge to observe and evaluate the witnesses and that we are unwilling to "second-guess" the trial court in matters which depend upon the trial judge's observations of the proceeding. *E.g., Kitzmann v. Kitzmann,* 459 N.W.2d 789 (N.D.1990). The same principles apply in this instance and we will not substitute our judgment for that of the trial judge exercising her discretion in the performance of her adjudicative responsibilities.

The rules are to be applied no differently merely because parties are acting pro se, *Flex Credit v. Winkowitsch, supra,* but we continue to advocate that trial judges exercise the utmost courtesy and patience when parties appear before them. Tolerance on the part of the trial judge is particularly appropriate in those instances in which the parties appearing pro se are faced with the loss of a home and a way of life.

II.

■ The Winkowitsches contend that Hansen did not possess such title as to allow him to bring an eviction action. In support of that contention, the Winkowitsches argue that our decision in *Flex Credit, supra,* does not bar them from questioning title in this action. Because this case can be decided on its merits, we need not address that argument.

The Winkowitsches do not appear to challenge the relevant findings of fact of the trial court which are summarized at the beginning of this opinion. Rather, the challenge is to the trial court's conclusion

of law that Hansen has title and is entitled to possession of the land. Questions or conclusions of law are fully reviewable on appeal. *Batla v. North Dakota State University,* 370 N.W.2d 554 (N.D.1985).

The record reveals that Hansen documented the chain of title from the seizure of the property by the I.R.S. to the transfer of title from Flex Credit to himself. The only evidence presented by the Winkowitsches to rebut Hansen's claim to the property consisted of four documents: a Uniform Commercial Code statement of filing; a "grant deed" executed after the I.R.S. sale of the land purportedly transferring title from the Winkowitsches to Dakota Trust;[2] a "declaratory judgment" signed by Benjamin D. Winkowitsch, "U.S. Magistrate," which declared Dakota Trust to be title holder of the property; and a quitclaim deed naming "Duane Hansen" as grantor and Dakota Trust as grantee.

None of the documents presented by the Winkowitsches affects Hansen's title to the land. The U.C.C. statement is irrelevant to the question of title to this land. The "grant deed" and "declaratory judgment" are either facially spurious or of no legal significance. Finally, testimony at trial indicated that the "Duane Hansen" who executed the quitclaim deed was not the same person as Duane Hansen, the plaintiff-appellee in the case at bar.

The trial court was correct in concluding that Hansen has title to the property and is entitled to possession. The judgment of eviction is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

---

**2.** The record reveals no information about Dakota Trust except that it has the same post office address as do the Winkowitsches.