2004 ND 107

**MINTO GRAIN, LLC, a North Dakota Limited Liability Company, Plaintiff and Appellee**

v.

**Melvin TIBERT and Cathy Tibert, Defendants and Appellants.**

No. 20030297.

Supreme Court of North Dakota.

June 3, 2004.

Zenas Baer, Zenas Baer & Associates, Hawley, MN, for plaintiff and appellee.

David C. Thompson, David C. Thompson, P.C., Grand Forks, ND, for defendants and appellants.

MARING, Justice.

[¶ 1]   Melvin and Cathy Tibert appealed from an order granting Minto Grain's request for summary eviction of the Tiberts from possession of real property located in Minto.   We conclude the Tiberts did not demonstrate they were entitled to possession of the disputed property, and the district court did not err in ordering them permanently evicted.   We affirm.

I

[¶ 2]   Minto Grain operates an elevator on former right-of-way property once owned by Burlington Northern Santa Fe Railroad ("Burlington Northern") in Minto.   The Tiberts and Minto Grain are abutting property owners.   The Tiberts' property lies immediately east of Minto Grain's property, and since the Tiberts purchased their property in 1987, they have considered the east edge of a road known as Kilowatt Drive to be the boundary between the properties.   However, Kilowatt Drive was actually located on Burlington Northern's right of way.   Minto Grain's owner acquired the right of way from Burlington Northern through a quitclaim deed in January 2001.

[¶ 3]   Disagreement over use of the disputed tract of land has spawned several lawsuits between Minto Grain, Burlington

Northern, and the abutting homeowners. A group of landowners sued Burlington Northern to quiet title to the disputed property, claiming they acquired the property through adverse possession or acquiescence. Minto Grain brought this eviction action against the Tiberts, claiming it was entitled to immediate possession. The Tiberts, along with Mark and Suzi Tibert, brought an action for injunctive relief against the City of Minto and for a declaration that Kilowatt Drive was a Minto public city street under a theory of common-law implied dedication. Mark and Suzi Tibert also brought a quiet title action against Minto Grain, claiming the quitclaim deed transaction was void because Burlington Northern failed to comply with N.D.C.C. § 49–09–04.2(1) by first offering the property for public purposes. When the district court's decision in the landowners' quiet title action against Burlington Northern was appealed to this Court, the district court granted a stay of the eviction proceedings pending resolution of that appeal.

[¶ 4] In *Nowling v. BNSF Ry.*, 2002 ND 104, ¶ 1, 646 N.W.2d 719, this Court rejected the claims of the landowners and held "a railroad right of way for an operating railroad line is a public highway under N.D. Const. art. XII, § 13 and is not subject to adverse possession or acquiescence." After *Nowling* was decided, the district court ruled against the Tiberts in their actions against the City of Minto and Minto Grain and granted Minto Grain's request that Melvin and Cathy Tibert be evicted from the disputed tract of land. The court permanently evicted the Tiberts from the property but gave them the right of ingress and egress to their property, defined as including "not only the use of the roadway as authorized in the easement and commonly referred to as Kilowatt Drive, but also access to defendant's property and other property adjacent and to the east of that of Minto Grain."

[¶ 5] Since the district court's eviction order was entered, we have affirmed the court's ruling in the Tiberts' action against the City of Minto. *See Tibert v. City of Minto*, 2004 ND 97, 679 N.W.2d 440. The Tiberts' action against Minto Grain is presently pending before this Court. *See Tibert v. Minto Grain*, Sup. Ct. No. 20030208. This appeal by the Tiberts involves only the district court's order evicting them from the disputed property.

II

[¶ 6] The Tiberts argue the district court erred in evicting them from the property for several reasons. They contend the railroad right of way was a public highway which has never been properly discontinued under the public highway vacation provisions of N.D.C.C. ch. 24–07; Kilowatt Drive possesses the factual and legal status as a Minto city street under the doctrine of implied dedication; Burlington Northern did not comply with N.D.C.C. § 49–09–04.2(1) by offering the property for public purposes before deeding it to Minto Grain; and the Tiberts should be permitted to establish title by adverse possession and acquiescence because the disputed property was never used for railroad purposes. In granting the request for eviction, the district court ruled "[a]ll of the legal theories advanced by the defendants in response to plaintiff's motion have been rejected in companion cases.... They continue to be rejected."

[¶ 7] Eviction actions are governed by N.D.C.C. ch. 33–06. Section 33–06–04, N.D.C.C., provides in relevant part:

An action of eviction cannot be brought in a district court in connection with any other action, except for rents and profits accrued or for damages arising by reason of the defendant's possession. No

counterclaim can be interposed in such action, except as a setoff to a demand made for damages or for rents and profits.

[¶ 8] In *Anderson v. Heinze*, 2002 ND 60, ¶ 11, 643 N.W.2d 24, we explained the operation of the eviction statutes:

> An eviction action under N.D.C.C. ch. 33–06, is a summary proceeding to recover possession of real estate. *Stonewood Hotel Corp., Inc. v. Davis Dev., Inc.*, 447 N.W.2d 286, 289 (N.D.1989). "Section 33–06–02, N.D.C.C., provides an 'expedited time period [of 3 to 15 days] ... within which a defendant must appear and defend in an eviction action.'" *Id.* (quoting *Flex Credit, Inc. v. Winkowitsch*, 428 N.W.2d 236, 240 (N.D. 1988)). In keeping with the summary nature of an eviction action, N.D.C.C. § 33–06–04, provides, in part: "No counterclaim can be interposed in such action, except as a setoff to a demand made for damages or for rents and profits." The purpose of the no-counterclaim provision in the eviction statutes "was to get a speedy determination of possession without bringing in any extraneous matters." *Nomland Motor Co. v. Alger*, 77 N.D. 29, 31, 39 N.W.2d 899, 900 (1949). In an eviction action, the defendant may show the character of the possessory rights claimed by the parties. *Murry v. Burris*, 6 Dakota 170, 186, 42 N.W. 25, 31 (1889). However, "the right to the possession of the real estate is the only fact that can be rightfully litigated unless damages or rent is claimed." *Vidger v. Nolin*, 10 N.D. 353, 354, 87 N.W. 593, 593 Syllabus ¶ 3 (1901).

*See also VND, LLC v. Leevers Foods, Inc.*, 2003 ND 198, ¶¶ 11–12, 672 N.W.2d 445; *Hansen v. Winkowitsch*, 463 N.W.2d 645, 648 (N.D.1990). "'If a defendant were allowed to assert affirmative defenses or cross-claims which were irrelevant to the right of immediate possession, the summary character of the proceedings would be lost.'" *South Forks Shopping Ctr. v. Dastmalchi*, 446 N.W.2d 440, 443 (N.D. 1989) (quoting *Nork v. Pacific Coast Med. Enter.*, 73 Cal.App.3d 410, 140 Cal.Rptr. 734, 735 (1977)).

[¶ 9] Consequently, in *Leevers Foods*, 2003 ND 198, ¶ 13, 672 N.W.2d 445, we held affirmative defenses and counterclaims regarding payment of rents were allowable in a summary eviction action because "[t]he right to possession in this case depends on whether or not Leevers failed to pay rent and whether or not there were any material breaches." However, in *Heinze*, 2002 ND 60, ¶ 13, 643 N.W.2d 24, we held counterclaims for constructive conversion and specific performance were not allowable in an eviction action:

> Heinze's claim for constructive conversion and his contractual claims for denial of his right of first refusal and for specific performance are not counterclaims pled as setoffs to Anderson's claim for statutory damages of $3,818.92 under N.D.C.C. § 32–03–28, and were, therefore, impermissible under N.D.C.C. § 33–06–04. In such circumstances, the only questions that could properly have been litigated were the right to possession of the land and Anderson's claimed statutory damages for holding over, together with a possible offset, an issue which we have already determined was abandoned. We conclude the trial court correctly ruled those other matters were not legal defenses to Anderson's eviction claim. While Heinze may pursue those other matters in another proceeding, they were not properly asserted in this eviction action.

[¶ 10] Most of the arguments raised by the Tiberts in this case do not implicate their right to possession of the disputed property, but constitute an attack

on Minto Grain's title to and attempted use of the property. They argue Kilowatt Drive is a Minto city street under the doctrine of implied dedication, the street may be properly abandoned only under the procedures set forth in N.D.C.C. ch. 40–39; therefore, Minto Grain cannot use the street in any way other than as a city street. They argue Burlington Northern, before executing the quitclaim deed, did not comply with N.D.C.C. § 49–09–04.2(1) by offering the right of way for public purposes, thus resulting in a void conveyance of the property to Minto Grain. They argue the railroad right of way was a public highway, and because the public highway vacation procedures in N.D.C.C. ch. 24–07 have not been followed, the property cannot be used for anything other than a public highway. If the Tiberts were to prevail on any of these arguments, the result may be that Burlington Northern continues to have title to the railroad right of way or that Minto Grain is limited in its use of the property, but it would not place the Tiberts in immediate possession. Because these arguments do not affect whether the Tiberts are entitled to possession of the disputed property, we conclude they are not legal defenses to Minto Grain's eviction action.

[¶ 11] The Tiberts argue they should be able to establish title by adverse possession and acquiescence because the disputed property was never used for railroad purposes. Because adverse possession and acquiescence implicate the right to possession of the property, they are allowed to be asserted as a defense or counterclaim in a summary eviction proceeding. See *Top of the Town, LLC v. Somers Sportsmen's Ass'n, Inc.*, 69 Conn. App. 839, 797 A.2d 18, 21 (2002); *Luloff v. Blackburn*, 274 Mont. 64, 906 P.2d 189, 192 (1995). The Tiberts request that we modify our holding in *Nowling* for situations in which it is undisputed that the railroad did not use a portion of the right of way for railroad purposes. We decline to do so. In *Nowling*, 2002 ND 104, ¶¶ 9, 12, 646 N.W.2d 719, we considered *Gustin v. Scheele*, 250 Neb. 269, 549 N.W.2d 135 (1996), upon which the Tiberts rely, and refused "to parse part of an operating railroad's right of way on an allegation that part of the land has been abandoned or not subject to railroad operations." The Tiberts have offered no persuasive reasons to reconsider our holding.

[¶ 12] We conclude the district court did not err in permanently evicting the Tiberts from the disputed property.

## III

[¶ 13] Minto Grain requests damages, costs, and attorney fees for this appeal under N.D.R.App.P. 38.

[¶ 14] Under N.D.R.App.P. 38, this Court may award "just damages and single or double costs, including reasonable attorney's fees," if we determine "an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal." A frivolous appeal is one in which there is such a complete absence of facts or law that a reasonable person could not have expected that a court would render judgment in his or her favor. See *Torgerson v. Torgerson*, 2003 ND 150, ¶ 23, 669 N.W.2d 98. Based on this record, an award of costs and attorney fees is not warranted.

## IV

[¶ 15] The eviction order is affirmed.

[¶ 16] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.