2005 ND 118

**RIVERWOOD COMMERCIAL PARK, LLC, Plaintiff and Appellant**

v.

**STANDARD OIL COMPANY, INC., Defendant**

and

**Tesoro Refining and Marketing Company, Defendant and Appellee.**

No. 20040314.

Supreme Court of North Dakota.

June 22, 2005.

Chad C. Nodland, Bismarck, ND, for plaintiff and appellant.

Michael Geiermann (argued), and Timothy D. Lervick (on brief), Schulz Lervick Geiermann & Bergeson Law Offices, P.C., Bismarck, ND, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Riverwood Commercial Park, LLC ("Riverwood") has appealed from a judgment dismissing its eviction action against Standard Oil Company ("Standard") and Tesoro Refining and Marketing Company ("Tesoro"). We affirm, concluding an eviction action under N.D.C.C. ch. 33–06 is not an available remedy.

I

[¶ 2] In 1953, Standard owned an oil refinery in Mandan, and the Northern Pacific Railway Company ("NP") owned land between the refinery and the Heart River. On March 23, 1953, NP executed a written permit granting Standard permission to "construct, operate, and maintain" a sewer pipeline along NP's right-of-way from the refinery to the Heart River. The permit provided that Standard could not transfer or assign the permit without NP's written consent. A twenty-two inch underground sewer pipeline, including a large manhole, was constructed across NP's property from the refinery several miles south to the Heart River.

[¶ 3] In 1998, NP sold a portion of its property containing the sewer pipeline to Marmot Properties. Since 1953, Standard has gone through a series of name changes and eventually became British Petroleum ("BP"). In 2001, BP sold the Mandan refinery to Tesoro. On May 17, 2004, Tesoro filed a "Notice of Permit," with a copy of the 1953 permit attached, with the Morton County Recorder's Office. On June 15, 2004, Marmot Properties sold the property involved in this case, with the sewer pipeline running beneath it, to Riverwood.

[¶ 4] On August 5, 2004, Riverwood served a Notice of Eviction upon Tesoro and Standard. On August 11, 2004, Riverwood commenced this summary eviction action under N.D.C.C. ch. 33–06 against Tesoro and Standard, seeking immediate possession of the property, removal of the defendants from the property within five days, removal of the pipeline, and damages. Riverwood claimed that the 1953 permit was nonassignable, that Tesoro was a mere trespasser, and that the presence of the pipeline was interfering with Riverwood's ability to develop and market the property.

[¶ 5] Tesoro moved for judgment on the pleadings. The district court concluded that eviction was not an available remedy under N.D.C.C. ch. 33–06 and ordered dismissal of the complaint. A judgment of dismissal was subsequently entered.

II

[¶ 6] Eviction actions are governed by N.D.C.C. ch. 33–06. An eviction action under N.D.C.C. ch. 33–06 is a summary proceeding to recover possession of real estate. *H–T Enters. v. Antelope Creek Bison Ranch*, 2005 ND 71, ¶ 6, 694 N.W.2d 691; *Minto Grain, LLC v. Tibert*, 2004 ND 107, ¶ 8, 681 N.W.2d 70; *Anderson v. Heinze*, 2002 ND 60, ¶ 11, 643 N.W.2d 24. Section 33–06–02, N.D.C.C., provides for an expedited procedure, with the defendant allowed between three and fifteen days to appear and defend in the action. *Minto Grain*, at ¶ 8; *Anderson*, at ¶ 11; *Stonewood Hotel Corp., Inc. v. Davis Dev., Inc.*, 447 N.W.2d 286, 289 (N.D.1989). If the court finds for the plaintiff, the court must enter judgment granting immediate restitution of the premises to the plaintiff,

but the court may delay execution in case of hardship for a reasonable period not exceeding five days. N.D.C.C. § 33–06–04. The statute strictly limits the parties' ability to combine the eviction with other claims and precludes the defendant from interposing a counterclaim, except as a setoff to the plaintiff's claim for damages, rent, or profits. N.D.C.C. § 33–06–04. The proceeding is limited to a speedy determination of the right to possession of the property, without bringing in extraneous matters. *See Minto Grain*, at ¶ 8; *VND, LLC v. Leevers Foods, Inc.*, 2003 ND 198, ¶ 11, 672 N.W.2d 445; *Anderson*, at ¶ 11. The purpose of the statute is to provide an inexpensive, expeditious, and simple means to determine possession. *Leevers Foods*, at ¶ 18.

[¶ 7] Section 33–06–01, N.D.C.C., lists the various factual circumstances which may give rise to an eviction action:

An action of eviction to recover the possession of real estate is maintainable in the proper district court when:

1. A party, by force, intimidation, fraud, or stealth, has entered upon the prior actual possession of real property of another and detains the same.

2. A party, after entering peaceably upon real property, turns out by force, threats, or menacing conduct the party in possession.

3. A party, by force or by menaces and threats of violence, unlawfully holds and keeps the possession of any real property, whether the same was acquired peaceably or otherwise.

4. A lessee, in person or by subtenant, holds over after the termination of the lease or expiration of the lessee's term, or fails to pay rent for three days after the rent is due.

5. A party continues in possession after a sale of the real property under mortgage, execution, order, or any judicial process and after the expiration of the time fixed by law for redemption, or after the execution and delivery of a deed, or after the cancellation and termination of any contract for deed, bond for deed, or other instrument for the future conveyance of real estate or equity therein.

6. A party continues wrongfully in possession after a judgment in partition or after a sale under an order or decree of a district court.

7. A lessee or a person on the premises with the lessee's consent acts in a manner that unreasonably disturbs other tenants' peaceful enjoyment of the premises.

8. The lessee violates a material term of the written lease agreement between the lessor and lessee.

[¶ 8] Riverwood argues that "[t]he question before the court, thus, is whether an eviction action may be properly pursued by a landowner seeking to evict a trespasser, who is 'unlawfully occupying, holding and keeping possession of' a portion of the landowner's property." Riverwood's view of the availability of the statutory procedure is too simplistic. The statute does not say all trespassers may be evicted using the summary eviction procedure under N.D.C.C. ch. 33–06. Rather, N.D.C.C. § 33–06–01 enumerates eight specific factual grounds which will give rise to an eviction action. A party seeking to employ the expedited eviction procedure must demonstrate that one of those eight subsections is applicable. Riverwood concedes that subsections (5) and (6) are inapplicable in this case, but argues that all of the remaining subsections apply.

[¶ 9] Subsections (1), (2), and (3) of N.D.C.C. § 33–06–01 generally allow eviction if a party has entered upon or remains upon property by use of force, threats, or fraud. Riverwood contends Tesoro and Standard entered upon and detained Riverwood's property by force or fraud, asserting that a padlock placed upon the manhole cover on the property constituted "force" and that Tesoro's claim that it has a right under Standard's nonassignable permit constituted "fraud." Riverwood has provided no citations to relevant authority or supportive reasoning for these novel assertions, and we find them unpersuasive. We conclude subsections (1), (2), and (3) of N.D.C.C. § 33–06–01 do not apply under the facts in this case.

[¶ 10] Riverwood also contends that Tesoro and Standard's conduct falls within subsections (4), (7), and (8) of N.D.C.C. § 33–06–01. Each of those provisions expressly applies only to lessees, requiring a showing that there is a lease. The 1953 permit created, at best, a license or easement, not a lease. A lease "gives the lessee a right of possession of the property leased and the exclusive use or occupation of it for all purposes not prohibited by the terms." *Lee v. North Dakota Park Serv.*, 262 N.W.2d 467, 470 (N.D. 1977); *see also Lindvig v. Lindvig*, 385 N.W.2d 466, 472 n. 7 (N.D.1986) (party whose use of the property was not exclusive was not a lessee). A license, by contrast, merely grants permission to use the land for a specific purpose under certain conditions and restrictions. *See Lee*, at 473; *see also Hector v. Metro Centers, Inc.*, 498 N.W.2d 113, 117 (N.D.1993) (a license is merely a privilege to do what otherwise would be unlawful). An easement is an interest in land "consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose (such as to cross it for access

to a public road)." Black's Law Dictionary 548 (8th ed. 2004); *see also* 4 Powell on Real Property § 34.01[1] (2005) (an easement "may grant to A the right to do acts that, were it not for the easement, he would not be privileged to do, such as maintaining a driveway or a sewage pipe across B's land").

[¶ 11] The major distinction between a lease and an easement or license is that a lease confers exclusive use and possession of the property against the world, including the landowner, whereas an easement or license merely grants a right or permission to nonexclusive use of the land for a specific, limited purpose. *See Lee*, 262 N.W.2d at 467, 472–73; *see also Lindvig*, 385 N.W.2d at 472 n. 7; 52 C.J.S. *Landlord and Tenant* § 337 (2003). Riverwood has at all times had possession of its property. The 1953 permit did not grant Standard exclusive use and possession of any part of NP's land, but merely permitted non-exclusive use of a portion of NP's land for the specific, limited purpose of maintaining a sewer pipeline. The 1953 permit is not a lease, neither Tesoro nor Standard is a lessee under the permit, and therefore subsections (4), (7), and (8) of N.D.C.C. § 33–06–01 on their face are inapplicable in this case.

[¶ 12] Riverwood has chosen the wrong remedy to attempt to resolve its claims against Tesoro and Standard, and Riverwood's attempt to "shoehorn" this case into the summary eviction procedure is unpersuasive. Summary eviction under N.D.C.C. ch. 33–06 is primarily designed to quickly place a landowner back in possession in certain circumstances when there is little or no dispute to his right to possession. The expedited, summary procedure provides no meaningful opportunity for discovery and places the landowner back in possession within a matter of days

of serving the summons and complaint. This remedy is particularly ill-suited to resolve complex legal and factual issues arising from an underground sewer line which has been in place for half a century. *Cf. State v. Meyer*, 361 N.W.2d 221, 222–23 (N.D.1985) (a criminal action for obstructing a public road was not the proper forum to resolve whether the road had become a public road by prescription). Although Riverwood may perhaps have some other remedy against Tesoro or Standard, such as an action for trespass or breach of the 1953 permit, it is not entitled to invoke the expedited summary eviction procedure under N.D.C.C. ch. 33–06.

[¶ 13] The judgment dismissing Riverwood's eviction action is affirmed.

[¶ 14] DALE V. SANDSTROM and MARY MUEHLEN MARING, JJ., concur.

[¶ 15] The Honorable CAROL RONNING KAPSNER disqualified herself subsequent to oral argument and did not participate in this decision.

[¶ 16] The Honorable WILLIAM A. NEUMANN, a member of the Court when this case was heard, resigned effective March 14, 2005, and did not participate in this decision.