2013 ND 52

**Rex NILES, Lloyd Lester, and Kyle Dragseth, Plaintiffs**

**v.**

**Joan ELDRIDGE, Defendant and Appellant.**

**No. 20120294.**

Supreme Court of North Dakota.

April 4, 2013.

Rex Niles, Lloyd Lester and Kyle Dragseth, plaintiffs; no appearance.

Dean J. Haas, Bismarck, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Joan Eldridge appealed from a district court judgment finding Lloyd Lester, Rex Niles, and Kyle Dragseth each own a 1/4 interest in a well on Eldridge's property and an easement over the land affected by pipelines from the well to each of their houses. We affirm.

## I.

[¶ 2] In 1981, Lloyd Lester, Herman Johnson, and Karl Langwald, who were contiguous land owners, agreed to dig an artesian well to supply water to all three properties. They agreed to share the costs of digging the well and running pipelines to all three homes. The well was dug on Herman Johnson's land, and pipelines were run across Johnson's land to all three houses. Lloyd Lester was the only party to the original agreement who testified at the trial. He testified he believed the agreement was that they each owned an equal interest in the well. Lester testified, with documentation, that each party paid $3635.22 for their share of the cost of drilling the well. This apparently did not include the cost of running the pipelines. Lester testified that the parties never discussed whether there was an easement over the land, and the agreement was never reduced to a writing.

[¶ 3] In 1985, Herman Johnson's daughter, Joan Eldridge, took possession of Johnson's land. At some point after that, Rex Niles purchased a piece of Eldridge's land, and Langwald sold his land to Kyle Dragseth. Niles expressed interest in also drawing water from the well, and paid $908.74 each to Lester, Eldridge, and Dragseth to compensate for the origi-

nal cost of drilling the well. The total amount paid by Niles, $2726.22, is almost exactly a quarter of the total cost of drilling the well. Niles paid for the whole cost of running a pipeline from the well to his house. Eldridge testified that she believed the money she received was compensation for the damage to her land for building the pipeline.

[¶ 4] Plaintiffs Lester, Niles, and Dragseth asked Eldridge to sign an agreement stating they have an easement over her land for a pipeline. Eldridge refused, and the plaintiffs brought a declaratory judgment action arguing that an easement was implied in the agreement to dig the well and run the pipelines. Eldridge resisted the lawsuit, arguing that because there was no agreement in writing granting the plaintiffs an easement, the action was barred by the Statute of Frauds. Eldridge argued there was no agreement concerning the use of the land, and therefore, as a matter of law, the relationship should be considered a license. The plaintiffs countered that the contract was taken out of the Statute of Frauds by part performance because they paid valuable consideration, took possession, and made significant improvements on the land.

[¶ 5] After a bench trial, the district court held the agreement was taken out of the Statute of Frauds by virtue of part performance and the agreement granted plaintiffs an easement.

## II.

[¶ 6] Eldridge argues the district court erred by finding there was an oral agreement giving Niles, Lester, and Dragseth partial ownership of the well and an easement over the land affected by the pipeline from the well, and erred by finding the agreement was removed from the Statute of Frauds by partial performance.

In an appeal from a bench trial, the trial court's findings of fact are reviewed under the clearly erroneous standard of N.D.R.Civ.P. 52(a) and its conclusions of law are fully reviewable. *Fargo Foods, Inc., v. Bernabucci,* 1999 ND 120, ¶ 10, 596 N.W.2d 38. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made. *Moen v. Thomas,* 2001 ND 95, ¶ 19, 627 N.W.2d 146. "In a bench trial, the trial court is 'the determiner of credibility issues and we do not second-guess the trial court on its credibility determinations.' " *Id.* at ¶ 20.

*Fladeland v. Gudbranson,* 2004 ND 118, ¶ 7, 681 N.W.2d 431.

[¶ 7] Eldridge argues the district court erred by finding the oral agreement was taken out of the Statute of Frauds by part performance because it did not discuss whether the improvements unmistakably point to the existence of an easement, rather than a license, as required by *Fladeland.* She argues the agreement in this case is also consistent with a license. At trial, Eldridge did not argue that the arrangement was factually consistent with a license. Rather, Eldridge argued there was no specific oral agreement for an easement, and therefore, by operation of law, the relationship was a license. At trial, Eldridge did not point to any facts that make the relationship consistent with a license. When the attorney for the plaintiffs attempted to elicit facts on cross-examination from Eldridge about her argument that the arrangement was a license, Eldridge's attorney objected, stating this was a legal argument, not a factual argument. But, Eldridge cannot claim at trial there is no factual argument that the arrangement was a license, thus prevent-

ing the plaintiffs from cross-examination on the issue, and on appeal claim that the arrangement was factually consistent with a license. "We do not address issues raised for the first time on appeal." *Heng v. Rotech Medical Corp.*, 2006 ND 176, ¶ 9, 720 N.W.2d 54. "Issues or contentions not adequately developed and presented at trial are not properly before this Court. The purpose of an appeal is to review the actions of the trial court, not to grant the appellant the opportunity to develop new theories of the case." *In Interest of A.G.*, 506 N.W.2d 402, 403 (N.D.1993) (quoting *Hansen v. Winkowitsch*, 463 N.W.2d 645, 646 (N.D.1990)). Because this issue is not properly before us, we do not review it on appeal.

[¶ 8] The district court's finding that the agreement was taken out of the Statute of Frauds by partial performance was not clearly erroneous. The Statute of Frauds, codified at N.D.C.C. § 9–06–04, provides that an agreement for the sale of an interest in real property is invalid unless it is memorialized in a writing. But, "[a]bsent a written contract or agreement, N.D.C.C. § 47–10–01 allows a 'court to compel the specific performance of any agreement for the sale of real property in case of part performance thereof.' " *Fladeland*, 2004 ND 118, ¶ 8, 681 N.W.2d 431. "The acts relied upon for partial performance, in order to be sufficient to relieve an oral agreement from the effect of the statute of frauds, must be of such a nature as to be incomprehensible and not capable of being understood unless related to the contract to convey an interest in land." *Parceluk v. Knudtson*, 139 N.W.2d 864, 871–72 (N.D.1966). "The most important question is whether the part performance 'is consistent only with the existence of the alleged oral contract.' " *Fladeland*, at ¶ 8 (quoting *Johnson Farms v. McEnroe*, 1997 ND 179, ¶ 19, 568 N.W.2d 920). We have recognized three acts by a purchaser that may constitute partial performance: paying the contract price, taking possession of the property, and making improvements. *Johnson Farms*, at ¶ 18.

[¶ 9] In this case, the question is not whether performance was achieved. The alleged contract was fully performed. The question is whether the parties actually entered into an oral agreement for an easement. "An easement is an interest in land 'consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose.' " *Riverwood Commercial Park, LLC v. Standard Oil Co., Inc.*, 2005 ND 118, ¶ 10, 698 N.W.2d 478 ("*Riverwood I*") (quoting Black's Law Dictionary 548 (8th ed.2004)). Easements are normally irrevocable, unless the right to revoke is expressly reserved. *Riverwood Commercial Park, LLC v. Standard Oil Co., Inc.*, 2011 ND 95, ¶ 9, 797 N.W.2d 770 ("*Riverwood II*") (citing Restatement (Third) of Property, § 2.2, Comment h, (2000)); N.D.C.C. § 47–05–01(5) (stating the right to take water may be attached to land as an incident or appurtenance and is then called an easement).

[¶ 10] It is clear from the record that the parties agreed to run pipelines across the land in question in order to permanently supply water to the plaintiffs' houses. The district court found that this indicated the parties intended to create an easement. The record supports this finding. The district court did not clearly err by finding the parties entered into an oral agreement granting an easement to the plaintiffs.

### III.

[¶ 11] Eldridge also argues the district court abused its discretion by not allowing her to amend her answer to allege a statute of limitations affirmative defense. Eldridge sought to argue that

the plaintiffs' claim was time barred by N.D.C.C. § 28–01–16(1), which limits actions on contracts to six years. The district court has broad discretion to decide whether to allow an amended pleading pursuant to N.D.R.Civ.P. 15(a)(2). *George v. Veeder*, 2012 ND 186, ¶ 7, 820 N.W.2d 731. "A district court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Johnson v. Hovland*, 2011 ND 64, ¶ 8, 795 N.W.2d 294. "When a proposed amendment would be futile, the district court does not abuse its discretion in denying a motion to amend the complaint." *Id.* It is unclear to us whether the district court disposed of this issue procedurally because no motion was made, or denied the motion on the merits. In either case, Eldridge's amendment would have been futile, and the district court did not abuse its discretion. The plaintiffs brought this action under N.D.C.C. ch. 32–23, seeking to have their contract construed as an easement. Section 32–23–03, N.D.C.C., allows a contract to be construed before or after breach. "If declaratory relief is sought before there has been any breach of the obligation in respect to which said declaration is sought ... the right to such relief is not barred by lapse of time." *Maguire v. Hibernia Savings & Loan Soc.*, 23 Cal.2d 719, 146 P.2d 673, 681 (1944). This is not an action subject to the six-year limitation in N.D.C.C. § 28–01–16(1).

### IV.

[¶ 12] Finally, Eldridge argued in oral argument that the district court erred by finding that the three plaintiffs and the defendant each own a 1/4 interest in the well. Eldridge did not support this issue with an argument in her brief. "An issue not supported by argument in a brief will not be considered on appeal." *State v. Norman*, 2003 ND 66, ¶ 22, 660 N.W.2d

549 (quoting *Murchison v. State*, 1998 ND 96, ¶ 13, 578 N.W.2d 514). Accordingly, we do not address this issue.

### V.

[¶ 13] The district court did not clearly err by finding Lloyd Lester, Rex Niles, and Kyle Dragseth each own a 1/4 interest in a well on Eldridge's property and an easement over the land affected by pipelines from the well to each of their houses. The district court did not abuse its discretion by refusing to allow Eldridge to amend her answer. We affirm.

[¶ 14] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.